PER CURIAM.
Appellant wife challenges the terms of a judgment of dissolution of marriage, alleging the awards of alimony and child support to be inadequate.
The parties married in 1956 when appellant was fifteen years old and appellee nineteen. Mrs. Hamblen never obtained a high school education. During the marriage, appellant has worked only for brief periods as a nurse’s aide and grocery cashier, acting as a homemaker and raising the parties’ three children. She has no income currently, is in poor health and lists expenses of $450.00 weekly in her financial affidavit.
Appellee has had the same employer at all relevant times, and currently has a gross income of $562.00 weekly as director of a regional bakery plant. His employer also provides for him work clothes, an automobile and automobile expenses. The court granted dissolution prior to the final hearing on property and alimony issues, and appellee remarried before the final hearing. Appellee noted his expenses only by stating that he simply deposited all of his income into his present wife’s account.
The parties lived in a Plant City home worth between $80,000.00 and $90,000.00, maintained another automobile and had a *1075 pool installed. Only one minor child, also in poor health, remains at home with appellant.
The court entered a final judgment awarding appellant use of the marital home until the youngest child becomes of age, custody of the minor child, use of the automobile, ordered that appellee make mortgage payments on the home until the minor child comes of age, and ordered appellee to make payments of $150.00 per month alimony and $100.00 per month child support, and to provide hospitalization coverage on the minor child.
Appellant is a thirty-nine year old woman in poor health, with limited education, and with little or no employment experience. She devoted twenty-three years to her marriage to appellee. Under the terms of the final judgment, appellant and her minor son will have income of $250.00 per month, plus the home. After the child reaches majority in three years, appellant will have only $150.00 per month to live on, plus her one-half interest in the undetermined equity in the house. Appellee has a gross income of $2,435.00 per month.
The primary criteria to be used by a trial judge in determining alimony are the husband’s ability to pay, needs of the wife, and the shared standard of living during the marriage. See Sisson v. Sisson, 336 So.2d 1129 (Fla.1976); Caracristi v. Caracristi, 324 So.2d 634 (Fla. 2d DCA 1976). Below, the award is well below the wife’s needs, the husband’s ability to pay, and the shared standard. We hold the award to be so inadequate as to constitute an abuse of discretion. Hall v. Hall, 363 So.2d 137 (Fla. 2d DCA 1978).
We therefore REVERSE the award of alimony, and REMAND with directions to award higher alimony payments consistent with this opinion. All other aspects of the final judgment are AFFIRMED.
HOBSON, Acting C.'J., and RYDER and DANAHY, JJ., concur.