DANIEL S. PEARSON, Judge.
We conclude that the appellant, left with the responsibility of earing for three minor children after the dissolution of an eighteen-year marriage, was “short changed” by the trial court. See Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1981). Mrs. Beecham is a high school graduate, who was sporadically employed during the marriage, including a stint driving a school bus in exchange for her children’s nursery school tuition. At the time of dissolution, she was earning $680.00 per month net in an unskilled job, the permanency of which was questionable. There is no evidence that she has prospects of earning more than that amount. The husband earned a net salary of $16,000 a year after ordinary tax and social security deductions and his annual $2,000 contribution to a pension fund. The trial court awarded Mrs. Beecham $20.00 per week rehabilitative alimony for two years; $35.00 per week per child as child support; required her to pay one-half of $8,500 in joint debts of the parties; and *238 allowed her exclusive use of the marital residence until the youngest child reached his majority, provided that she pay monthly mortgage payments of more than $500.00. Additionally, Mrs. Beecham was to receive her one-half interest in the marital residence to be sold after the youngest child reached his majority and a $1,075 interest in a $21,000 boat built by the husband with her help and with funds earned during the marriage.[1] She was given no portion of her husband’s pension fund, valued at time of dissolution at $23,000.
Where we are convinced, as we are here, that there is a severe disparity in the effective incomes of the parties that warrants more alimony than awarded by the trial court, Lewis v. Lewis, 402 So.2d 1306 (Fla. 3d DCA 1981); Weider v. Weider, 402 So.2d 66 (Fla. 4th DCA 1981); Hamblen v. Hamblen, 380 So.2d 1074 (Fla. 2d DCA 1980), and that the alimony award should be permanent, Colucci v. Colucci, supra; Gerber v. Gerber, 392 So.2d 317 (Fla. 4th DCA 1980), we will not hesitate to declare that the trial court abused its discretion. We decide only that the wife needs considerably more to survive,[2] and the husband is quite capable of providing more. The trial court may consider requiring the husband to pay some portion of the mortgage, insurance and taxes on the residence through some method devised by the court; relieving Mrs. Beecham from her obligation to share in the payment of the marital debts; and any other order which will provide her with a fairer share of the assets accumulated during the marriage.
Reversed and remanded for further proceedings consistent with this opinion.

. An irony of this award to the wife is that one of the substantial joint debts of the parties was for the boat’s engine.

. The husband, emphasizing that the wife is not in jeopardy, points out that the wife has been able to borrow some funds from her mother. Needless to say, that fact does nothing to enhance the husband’s position.