SCHEB, Acting Chief Judge.
Suburban Disposal Service of Pasco, Inc., plaintiff below, challenges the trial court’s entry of a final order dismissing its action for damages against Central Carting, Inc.
The parties here are each engaged in the waste disposal business. On February 5, 1981, Suburban was authorized to purchase the assets of Fisher Ames & Sons (another waste disposal business) from a trustee in bankruptcy, pursuant to an order of the federal court. Suburban then brought suit against Central Carting for rent it claimed was due on waste containers acquired by Suburban, which allegedly had been used by Central Carting without authorization of the bankruptcy court before Suburban acquired its title to the bankrupt’s assets. Once it purchased the assets of that bankrupt, Suburban proceeded on the assumption that it acquired the right to bring suit against Central Carting to recover the value of using these containers without authorization. Central Carting, on the other hand, contended that the right to sue was retained by the trustee in bankruptcy and was not conveyed to Suburban. At the conclusion of the plaintiff’s evidence, the trial court granted Central Carting’s motion to dismiss. This appeal ensued.
The order entered February 5, 1981, by the Honorable Alexander L. Paskay, bankruptcy judge, provided as follows:
1. The Trustee’s application for sale of assets at private sale, except as modified by the additional and higher bid, be and the same is hereby granted.
2. The Trustee, George T. Hadley, be and he is hereby authorized and directed to sell to Suburban Disposal Service of Pasco, Inc. for the sum of $37,-500.00 the following items of personal property:
a) All waste containers owned by Fisher Ames & Sons.
b) All accounts and customers of Fisher Ames & Sons as of September 4, 1980.
c) Assignment of all contracts between Fisher Ames & Sons and residential and commercial accounts, including but not limited to the contract with the town of St. Leo, Florida.
d) All accounts receivable, if any, of Fisher Ames & Sons as of September 4, 1980.
e) Any and all assets of Fisher Ames & Sons not described above.
*624 3. Said offer is approved on an “as is, where is” basis, and conveys all of the right, title and interest of the trustee in bankruptcy of the estate of Fisher Ames & Sons to the purchaser.
4. Upon payment of the $37,500.00, the trustee is authorized and directed to execute and deliver to Suburban Disposal Service of Pasco, Inc. a trustee’s bill of sale to all of the personal property described above, and to deliver to said purchaser the existing list of residential and commercial customers or other documentation evidencing the customers of Fisher Ames & Sons.in the possession of the trustee.
Central Carting points to statements by the court and counsel in the transcript of the bankruptcy proceedings in federal court. These statements introduce some ambiguity as to the court’s intent in approving the sale and the terms to be included. Nevertheless, the resulting order, as entered by the bankruptcy judge, is clear. It was not the province of the trial judge to construe an order from a federal court beyond its clear and unambiguous terms. See Boynton v. Canal Authority, 311 So.2d 412 (Fla. 1st DCA 1975).
Accordingly, we vacate the trial court’s order of May 23, 1984, and remand this cause for further proceedings consistent with this opinion.
CAMPBELL and LEHAN, JJ., concur.