BASKIN, Judge.
The Ivens Corporation [Ivens] appeals a final judgment awarding Stephen U. Cohen commissions and interest. Cohen cross-appeals the final judgment, claiming insufficient damages. We reverse.
Ivens manufactures and sells jewelry to retail establishments. In June 1983, Ivens entered into a one-year written contract with Cohen. As Ivens’ sales representative, Cohen was to receive a five percent commission on his sales of gold chains, three percent on sales of watches, and seven and a half percent on sales of pearls. The contract contained a six-month grace period, beginning at the end of the contract year and lasting through November 1984, during which Cohen would continue to receive commissions on any sales he had generated. Cohen received a sample sales kit allegedly worth over ten thousand dollars.
Ivens paid Cohen commissions through October 1984. In November 1984, Cohen allegedly received a commission payment of three percent on gold sales, with fifty percent of the commission held by Ivens in an escrow account because one of Cohen’s accounts had been changed to consignment. Cohen received no commission payment in December 1984. Ivens maintains that it ended its association with Cohen in November 1984; however, Cohen received commission checks from Ivens in January and February 1985. Cohen received no commission checks for the months of March, April, and May 1985, and he ceased working for Ivens.
*1353 Cohen sued Ivens for damages resulting from the breach of an oral contract for commissions which extended the written employment contract, and for an accounting. Ivens counterclaimed for the value of the sample sales kit it furnished Cohen and credits for chargebacks and setoffs against Cohen’s commissions for returned merchandise. At the conclusion of the October 1987 non-jury trial, the court ruled that Cohen was entitled to commissions of five percent, instead of the three percent he received for November 1984, through December 1984. The court found that according to the custom of the trade, commissions were due when sales are consummated, and also found that Ivens was entitled to recover the value of the sample sales kit. Although the court denied the request for an accounting, it determined that the commissions were to be calculated, not on the net sales, but on Cohen’s total sales. After the hearing on Cohen’s motion for final judgment, Cohen unsuccessfully sought clarification in that it appeared at the hearing that the trial court granted Ivens credit for setoffs and chargebacks. Ivens’ attorney submitted an accounting of unpaid commissions in accordance with the court’s most recent findings. In June 1989, twenty months after trial, the court entered a final judgment echoing its oral trial findings, but failing to reflect its subsequent changes. Ivens appealed, and Cohen cross-appealed.
Ivens’ contention that the evidence does not support the final judgment is without merit; however, the record indicates that the trial court expressed to the parties findings different from those memorialized in the final judgment and that the discrepancies were noted by both parties. Reversal is required.
Cross-appellant Cohen argues that the trial court should have awarded damages for the months of January through May 1985. According to the evidence, Cohen received payments from Ivens during the months of January and February, and his sample sales kit was replenished by Ivens during the month of January 1985. These facts are inconsistent with the trial court’s finding that the relationship between Ivens and Cohen ended in December 1984. We note that in addition to the foregoing discrepancies in the record, Cohen has conceded that the final judgment exceeds the allegedly appropriate amount of damages. These circumstances emphasize the need for the trial court to recalculate damages. See Ocean Ridge Yacht Club Associates v. Atlantic Elec. Constr. Co., 546 So.2d 804 (Fla. 4th DCA 1989). When it does so, the trial court should reconsider the conceded overage in its calculation of the damage award. Bril v. Furman, 548 So.2d 730 (Fla. 3d DCA 1989). Reversed and remanded to the trial court for recalculation of damages.
Reversed and remanded.