PER CURIAM.
The wife, Gladys Gillette, appeals from the final judgment dissolving her marriage to William Gillette [husband]. We affirm in part, reverse in part and remand for further proceedings consistent with this opinion.
First, the wife contends that the trial court erred in failing to order the husband to pay child support for his minor grandson. We disagree.
The issue of child support for the husband’s grandson was not raised in the pleadings. Therefore, the trial court did not err in failing to hear testimony as to issue of child support for the husband’s grandson or in failing to order the husband to pay child support for his minor grandson. See Cravero v. Florida State Turnpike Auth., 91 So.2d 312 (Fla.1956); Cortina v. Cortina, 98 So.2d 334 (Fla.1957). The affirmance of this point is without prejudice so that the wife may seek child support for the husband’s grandson from the appropriate party.
Next, the wife contends that the award of only $150.00 a month in permanent periodic alimony is inadequate. We agree.
When taking into consideration such relevant factors as the duration of the parties’ marriage, the wife’s poor health, the husband’s superior financial position, the wife’s limited earning capacity, and the services rendered by the wife in homemaking and child care, there is no doubt that the award of only $150.00 a month as permanent periodic alimony is grossly inadequate. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Hamblen v. Hamblen, 380 So.2d 1074 (Fla. 2d DCA), review denied, 389 So.2d 1110 (Fla.1980); § 61.09, Fla.Stat. (1989).
Finally, the wife contends that the trial court abused its discretion in failing to award her attorney’s fees and costs. We agree.
A trial court may award attorney’s fees and costs “after considering the financial resources of both parties_” § 61.16, Fla.Stat. (1989). The record clearly demonstrates that the husband is in a superior financial position to pay the attorney’s fees and costs. Therefore, the trial court abused its discretion in failing to award attorney’s fees and costs to the wife. See Canakaris; Creel v. Creel, 568 So.2d 942 (Fla. 3d DCA 1990); Kuse v. Kuse, 533 So.2d 828 (Fla. 3d DCA 1988).
Accordingly, we affirm in part, reverse in part and remand for further proceedings consistent with this opinion.