PER CURIAM.
The husband appeals from a final judgment of dissolution of marriage. For the following reasons, we affirm in part and reverse in part.
In the final judgment, the trial court ordered the husband to cosign or collateralize a note and mortgage to enable the wife, who was awarded primary residential custody of the children, to purchase a residence. In exchange, the wife was to hold the husband harmless on the obligation. Although the equitable relief granted to wife in this provision may have been intended as an incident of child support, we can find no basis for this particular open-ended form of relief. Compare Powell v. Powell, 580 So.2d 620 (Fla. 1st DCA 1991) (trial court awarded wife marital home and ordered wife to pay mortgage obligation, while not ordering wife to hold husband harmless; on husband’s appeal, court held that indemnification as between parties was matter within court’s discretion regarding distribution of assets). Accordingly, we reverse that portion of the final judgment and remand with directions to consider other alternatives that would both ensure adequate housing for the children during their minority and apprise the husband of the financial extent and duration of his obligation.
We also reverse the award of lump sum alimony and the distribution of the sole marital asset — the appreciation in the value of the nonmarital assets. The record indicates that the award resulting from the calculations employed in the final judgment differs from the award made by the trial court in its oral pronouncements at the final hearing. Accordingly, we remand for recalculation of the amounts that the husband must pay to the wife as equitable distribution and as lump sum alimony. See Gallardo v. Gallardo, 593 So.2d 522 (Fla. 3d DCA 1991) (trial court erred in failing to conform final judgment to oral pronouncements regarding child support and visitation rights).
*1246 We find no error in that portion of the order by which the trial court reserved jurisdiction to order the husband to provide for the children’s post-secondary education should that relief become available under Florida law. The reservation of jurisdiction does not run afoul of Grapin v. Grapin, 450 So.2d 853 (Fla.1984) (trial court may not order post-majority support simply because child is in college and divorced parent can afford to pay). The order simply left open the possibility that should the law change, such relief may be available to the children.
Affirmed in part; reversed in part; remanded with directions.