613 So.2d 1339 (1993)
Sharon L. LEONARD, Appellant,
v.
James J. LEONARD, Appellee.
No. 92-1008.
District Court of Appeal of Florida, Third District.
February 9, 1993.
Rehearing Denied March 16, 1993.
*1340 The Vogelsang Law Firm and Beth Tyler Vogelsang, Miami, for appellant.
Sheldon R. Rosenthal, Miami, for appellee.
Before SCHWARTZ, C.J., and FERGUSON and LEVY, JJ.
PER CURIAM.
In this appeal from a final judgment of dissolution of marriage, we agree with the wife that the trial court committed several errors which require reversal.
First, we find that the trial court erred in awarding the husband a special equity in the marital home. When the parties married, they purchased a new home, in which title was held jointly. The husband contributed $18,000 of separate funds toward the purchase of this first home. Thereafter, the parties sold this house and applied the proceeds to the present marital home which was also titled jointly in both parties' names. The trial court awarded the husband a special equity in the marital home "based upon his contribution of premarital funds in the sum of $18,000." The final judgment stated that: "The Wife claims, but has failed to establish, that the Husband intended a gift to her of said nonmarital funds."
Section 61.075(5)(a)5., Florida Statutes (1991), provides that:
All real property held by the parties as tenants by the entireties, whether acquired prior to or during the marriage, shall be presumed to be a marital asset. If, in any case, a party makes a claim to the contrary, the burden of proof shall be on the party asserting the claim for a special equity.
Pursuant to this Section, a party to a dissolution action claiming a special equity in marital property jointly owned and titled, has the burden of proof to establish that a marital gift was not intended. Robertson v. Robertson, 593 So.2d 491 (Fla. 1991). In the present case, the trial court erred in shifting the burden to the wife to prove that a gift was intended, and in failing to recognize the presumption that the property was a marital asset. Thus the award of a special equity to the husband in this case was erroneous.
Second, we find that the trial court erred in the final valuation and award of the husband's pension plan. At the close of the final hearing, the trial court announced its finding that the current net value of the pension fund was $539,000. However, the final judgment signed by the trial judge reflected a value of $50,000 less, causing a loss to the wife of $25,000. The final judgment as to the value of the husband's pension plan does not conform to the trial court's oral pronouncement and must be reversed. See Krstic v. Krstic, 604 So.2d 1244 (Fla. 3d DCA 1992); Gallardo v. Gallardo, 593 So.2d 522 (Fla. 3d DCA 1991), review denied, 604 So.2d 486 (Fla. 1992).
Finally, we find the trial court erred in awarding the wife an inadequate amount of alimony, and in denying the wife's motion for attorney's fees. The parties were married for twenty-four years and had enjoyed a high standard of living, accumulating substantial assets during the marriage, valued at close to one million dollars. The wife, who was fifty years old at the time of the dissolution, had a high school education, and was working toward a new career as a real estate agent. Although she had not yet earned any commissions, she stipulated that she had the ability to earn a gross income of $26,000 per year. The husband was sixty-five years old at the time of the dissolution and had worked as a vice president for a local company. His salary was $138,000 in 1989. After the parties separated, the husband's salary was reduced to $79,355 per year.
During the lengthy pendency of the divorce proceedings, the husband was voluntarily paying the wife temporary support in the amount of $900 per month. The record does not support the trial court's reduction of this amount to $600 per month. Furthermore, *1341 in light of the substantial disparity in the parties' financial positions, and the husband's superior earnings, it is clear that the trial court abused its discretion in failing to award attorney's fees and costs to the wife. See Rey v. Rey, 598 So.2d 141 (Fla. 5th DCA 1992); Gillette v. Gillette, 587 So.2d 634 (Fla. 3d DCA 1991).
Reversed and remanded for further proceedings consistent with this Opinion.
SCHWARTZ, C.J., and LEVY, J., concur.
FERGUSON, Judge, dissenting in part.
As to the award of permanent alimony and attorney's fees, I cannot agree that the trial judge abused her discretion.