626 So.2d 1112 (1993)
Harvey ULANO, Appellant,
v.
William Way ANDERSON, and Way Corporation, Appellees.
No. 92-1881.
District Court of Appeal of Florida, Third District.
November 23, 1993.
Frasier & Mannikko and Joseph L. Mannikko, Stuart, for appellant.
David L. Deehl and Roy D. Wasson, Miami, for appellees.
Before JORGENSON, LEVY and GERSTEN, JJ.
LEVY, Judge.
The plaintiff in a contract case appeals a final judgment in favor of the defendant. We reverse and remand because the final judgment entered was inconsistent with oral pronouncements made by the trial judge after the close of evidence.
Dr. Harvey Ulano entered an employment contract with Dr. William Way Anderson, under which Dr. Ulano worked as the assistant medical director of a kidney dialysis center which Dr. Anderson oversaw. As part of the contract, Dr. Ulano was to receive a percentage of the profit distributions received by Dr. Anderson from the dialysis center. After operating under the agreement for many years, Dr. Ulano believed he had not been properly paid by Dr. Anderson, and filed suit. A bench trial was held, at the conclusion of which the parties submitted written closing arguments. Several months later, the trial judge called the parties into court for a hearing, at which time the trial judge made a series of oral pronouncements indicating that Dr. Ulano would recover. At the conclusion of this brief hearing, the trial judge requested that the parties work out damage figures accordingly, and submit them to the court, indicating that, "I'll make a decision as to figures if there is a disagreement." Several days later, however, before the parties submitted anything further, the trial judge entered a written final judgment in favor of Dr. Anderson, denying Dr. Ulano any recovery whatsoever. Dr. Ulano now appeals.
Reversal is required where a final judgment is inconsistent with a trial court's oral pronouncements. See Leonard v. Leonard, 613 So.2d 1339, 1340 (Fla. 3d DCA 1993) (final judgment which does not conform to trial court's oral pronouncement must be reversed); Gallardo v. Gallardo, 593 So.2d 522, 524 (Fla. 3d DCA 1991) (trial court erred in not conforming final judgment to oral pronouncements), rev. denied, 604 So.2d 486 (Fla. 1992); Ivens Corp. v. Cohen, 560 So.2d 1352, 1353 (Fla. 3d DCA 1990) (reversal required where "trial court expressed to the parties findings different from those memorialized in the final judgment"). See also Mahaffey v. Mahaffey, 614 So.2d 649, 650-51 (Fla. 2d DCA 1993) (final judgment must be consistent with oral findings); Howard v. State, 591 So.2d 1067, 1068 (Fla. 4th DCA 1991) (in criminal case, written judgment must conform to oral pronouncement); Powell v. Allstate Ins. Co., 479 So.2d 149, 150 (Fla. 4th DCA 1985) (error to enter final judgment inconsistent with explicit oral and written findings), rev. denied, 491 So.2d 278 (Fla. 1986). Having carefully reviewed the transcript of the post-trial hearing in this case, there is no question that the final judgment subsequently entered was entirely incompatible with the oral pronouncements made by the trial judge. Consequently, we reverse the final judgment, and remand for the entry of a new final judgment consistent with the trial judge's oral pronouncements. In light of the foregoing, we do not, at this *1113 time, address the other points raised by Dr. Ulano.
Reversed and remanded.