634 So.2d 235 (1994)
Felicia T. NOWELL, Appellant,
v.
Edwin M. NOWELL, Appellee.
No. 92-4303.
District Court of Appeal of Florida, First District.
March 24, 1994.
*236 M. Burt Wade, Orange Park, for appellant.
Richard D. Nichols, Jacksonville, for appellee.
BARFIELD, Judge.
The former wife timely appeals an order denying her motion for contempt, granting the former husband's motion to terminate alimony, and dissolving a continuing writ of garnishment. We reverse on all issues and remand the case to the trial court for further proceedings.
This Court is in as good a position as the trial court to interpret the amended final judgment of dissolution entered in 1979 by a predecessor judge. Having reviewed the evidence presented, we hold that the trial court erred in finding that the unspecified alimony payments ordered in the amended final judgment were "merely temporary alimony payments, seemingly granted to assist an unemployed mother of minor children." Given the former wife's age, her serious and permanent health problems, her lack of education, and her limited work experience at the time of the dissolution, as well as the long duration of the marriage and the fact that the final judgment contained no plan for rehabilitation, we find that it is much more likely that Judge Gooding intended the award to be permanent alimony. That Judge Gooding refused to modify the alimony award a year after the dissolution, when the former husband asserted that he was unemployed, and that Judge McNatt also refused to terminate the alimony two years after the dissolution, when the former husband asserted that the former wife was capable of earning a living, also support this conclusion.
Whatever the type of alimony awarded, the former husband was ordered to pay it "until further order of this Court." At any time he could have filed a successive motion to terminate alimony, based upon the former wife's alleged current ability to meet her own needs without his assistance. He chose instead to ignore the amended final judgment and subsequent orders of the trial court with regard to the alimony obligation, while fulfilling his child support obligation arising out of the same judgment and orders. It was only after the former wife filed motions for a writ of continuing garnishment and for contempt in 1991 that the former husband sought termination of the alimony award in October 1992.
The former husband failed to allege or to demonstrate at the hearing that he was prejudiced in any way by the delay in the former wife's seeking judicial relief for his failure to pay the alimony ordered in the final judgment of dissolution. Given his failure to show prejudice and her unrebutted testimony of her attempts to communicate with him, both directly and through the Navy Retired Pay Department, regarding his failure to pay the alimony ordered in the final judgment, and her subsequent attempt to seek legal representation, we hold that the trial court abused its discretion in finding that her "utter failure to attempt to correspond with the former husband or to seek legal action of any form, has operated to *237 estop her from now making a claim for arrearage totalling nearly $45,000." In determining whether delay constitutes a bar to a claim, the court must look to whether the delay "has resulted in injury, embarrassment, or disadvantage to any person and particularly to the person against whom relief is sought," whether the delay has been "such as practically to preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy," and whether, during the delay, there has occurred "a change in conditions that would render it inequitable to enforce the right asserted." See Stephenson v. Stephenson, 52 So.2d 684 (Fla. 1951), and cases cited therein. Compare, Robinson v. State, Dept. of Health and Rehabilitative Services on Behalf of Robinson, 473 So.2d 228 (Fla. 5th DCA), rev. den., Dept. of Health and Rehabilitative Services v. Robinson, 478 So.2d 53 (Fla. 1985) (the court held that the circumstances were sufficiently compelling to allow the former husband to raise the defense of laches as a bar to enforcement of child support arrearages) with Newman v. Newman, 459 So.2d 1129 (Fla. 3d DCA 1984), rev. den., Newman v. Newman, 466 So.2d 218 (Fla. 1985) (the court rejected the former husband's argument that the doctrine of laches should bar the former wife's petition for adjudication of child support arrearages).
The trial court erred in terminating the former wife's award of permanent alimony without finding that the former husband had proven a permanent, substantial and material change in the circumstances of her need for permanent alimony or in his ability to pay the alimony which would justify terminating the alimony award. See Protheroe v. Protheroe, 328 So.2d 417 (Fla. 1976). We do not find that this record would support such a finding, but even if it would, the trial court has the authority only to terminate alimony as of the date the motion for termination was filed, or subsequent thereto. See McArthur v. McArthur, 106 So.2d 73 (Fla. 1958). No authority supports the trial court's termination of the alimony award retroactive to some unspecified date prior to the former husband's October 1992 motion to terminate alimony.
The trial court's dissolution of the writ of garnishment, which had previously been entered to enforce the former husband's alimony obligation, was based upon its finding that the former husband did not owe the former wife any alimony. In light of this Court's holdings regarding the preceding issues, this ruling must be reversed and the writ reinstated. The amount of arrearages in the writ must be recalculated, however, since it appears to improperly include amounts for child support after the last child reached the age of majority.
In the prior proceedings, both Judge Gooding and Judge McNatt ordered the former husband to pay the former wife's attorney fees, implicitly finding that because of the disparity in the parties' incomes, such an award was necessary to ensure the former wife assistance of counsel. While the former wife was unemployed at the time of those rulings, the fact that she is now employed as a waitress does not necessarily mean that she is not entitled to attorney fees to be paid by the former husband. The trial court made no factual findings regarding the relative incomes of the parties or their relative abilities to pay attorney fees. However, given the wide disparity in the parties' incomes and resources demonstrated in this record, we find that the trial court abused its discretion by failing to award the former wife reasonable attorney fees to be paid by the former husband. See, e.g., Nelson v. Nelson, 588 So.2d 1049 (Fla. 2d DCA 1991); Gillette v. Gillette, 587 So.2d 634 (Fla. 3d DCA 1991); Harrison v. Harrison, 540 So.2d 230 (Fla. 1st DCA 1989); Deakyne v. Deakyne, 460 So.2d 582 (Fla. 5th DCA 1984). See also Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980).
The trial court's findings, that the amended final judgment of dissolution awarded "merely temporary alimony" and that the former wife was estopped from making a claim for the alimony arrearages, are REVERSED. Its rulings terminating the alimony award and dissolving the writ of garnishment are also REVERSED. The case is REMANDED to the trial court for reinstatement of the writ of garnishment and recalculation *238 of the amount of alimony arrearages therein.
The trial court's denial of the former wife's request for reasonable attorney fees and costs is REVERSED and the former wife's motion for appellate attorney fees is GRANTED. The case is REMANDED to the trial court for determination of the amounts of reasonable attorney fees below and on appeal.
ERVIN and BENTON, JJ., concur.