PER CURIAM.
The primary contention of the former wife in filing this appeal is that the portion of the final judgment that awards her a one-half interest in the marital home is inconsistent with the oral pronouncement of the trial judge, concerning that subject, made at the conclusion of the trial.
After a careful examination of the trial transcript, we conclude that there is no conflict.
Specifically, although the final judgment awards the wife a one-half interest in the marital home, the wife seeks to be awarded the entire marital home based upon an oblique comment made by the court during a transitory portion of the judge’s comments made at the conclusion of the trial. The former wife’s contention, however, ignores the fact that the court orally articulated a very detailed and specific recitation of the manner in which all of the marital property was to be divided between the parties. Included within that pronouncement, was the provision that the husband was to be awarded one-half of the marital home. In fact, that portion of the judge’s ruling was so specific that it even made reference to the dollar value of the asset (the marital home) that was being divided between the parties. The written final judgment entered by the court is totally consistent with the oral pronouncement made by the trial court, at the end of the final hearing, regarding the marital home. It clearly awards one-half of the marital home to the former wife and one-half to the former husband. Furthermore, to the extent that the former wife feels that the trial court’s pronouncement may have contained a slight ambiguity, such a question was completely resolved by the court through the entry of a subsequent written final judgment that is very clear. See Suburban Disposal Service of Pasco, Inc. v. Central Carting, Inc., 465 So.2d 623, 624 (Fla. 2d DCA 1985).
Lastly, regarding the other points raised by the parties herein, the record reflects no error.
Affirmed.
JORGENSON and LEVY, JJ., concur.