BASKIN, Judge
(concurring in part; dissenting in part).
I concur with'the majority holding that the trial court did not abuse its discretion in entering the attorney’s fee award. I agree as well, with the court’s determination as to the ownership and valuation of the businesses. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Mann v. Mann, 578 So.2d 395 (Fla. 3d DCA 1991); I would, however, reverse the portions of the judgment awarding the marital home, distributing the marital assets, and denying the wife permanent alimony. On remand, I would require clarification regarding the award of the marital home, the basis for the disproportionate asset distribution, and denial of permanent alimony.
The first impediment to affirmance is the record. It reflects a conflict in the judge’s *1009 statements distributing the marital home. At the final hearing, the court orally awarded the husband “half of the marital home which is $240,000, ... half of the marital home [to the wife],” and then stated that the wife “is awarded the marital home, which is incidentally assessed at $480,000 as it appears in the affidavit of the husband.” R. 462-463. The final judgment awarded each party one half of the marital home. The inconsistencies in the oral pronouncement and the conflict between the oral pronouncement and the written judgment concerning the marital home mandate clarification.[1] See Leonard v. Leonard, 613 So.2d 1339 (Fla. 3d DCA 1993); Krstic v. Krstic, 604 So.2d 1244 (Fla. 3d DCA 1992).
The next irregularity is the court’s award to the husband of approximately 63% of the marital assets without explaining the basis for its inequitable distribution. Section 61.-075(3)(d), Florida Statutes (1991), requires the trial court to make specific written findings of fact as to “[a]ny other findings necessary to advise the parties or the reviewing court of the trial court’s rationale for the distribution of marital assets and allocation of liabilities.” The record presents no discernible reasoning for the inequitable distribution. Under the facts of this ease, the trial court should provide a rationale for a disproportionate distribution. Lavelle v. Lavelle, 634 So.2d 1111 (Fla. 2d DCA 1994).
In view of the foregoing irregularities, the court’s denial of permanent alimony to the wife is also a departure from applicable law.
Permanent periodic alimony is used to provide the needs and necessities of life to a former spouse as they have been established by the marriage of the parties. The two primary elements to be considered when determining permanent periodic alimony are the needs of one spouse for the funds and the ability of the other spouse to provide the necessary funds. The criteria to be used in establishing this need include the parties’ earning ability, age, health, education, the duration of the marriage, the standard of living during its course and the value of the parties’ estates.
Canakaris, 382 So.2d at 1201-1202. The parties enjoyed a lavish life-style during their approximately seventeen-year marriage. The wife is 50 years of age, but has limited earning ability; the husband enjoys the ability to earn a far greater income. The husband had voluntarily paid the wife $725 a month in support during the separation. Under these circumstances, an alimony award was appropriate. In Leonard, 613 So.2d at 1339, this court held that the trial court erred in reducing the alimony payments of $900 to $600 per month in the dissolution of a long-term marriage where the husband, who had a greater earning capacity, had voluntarily paid the 50 year old wife $900 per month in temporary support. The trial court may have intended to award the wife the marital home to equalize the parties’ financial positions and obviate the need for permanent periodic alimony; its effort is vitiated by the flawed record before us.
I would reverse the indicated portions of the final judgment.

. Contrary to the majority’s position, Suburban Disposal Serv. of Pasco, Inc. v. Central Carting, Inc., 465 So.2d 623 (Fla. 2d DCA 1985), which precludes the trial court from construing a clear and unambiguous federal court order, does not mandate affirmance. The ambiguity, vel non, of the order in this case is not at issue. At issue in this case is the failure of the written judgment to conform to the court’s oral pronouncement. It is well-settled law that the trial court’s oral pronouncement must conform to the written judgment. Ulano v. Anderson, 626 So.2d 1112 (Fla. 3d DCA 1993), and cited cases. In this case, it does not.