PER CURIAM.
Dr. Harvey Ulano appeals a final judgment awarding him only $11,464.00 together with prejudgment interest on his contractual claim against Dr. William Way Anderson. Dr. Anderson cross-appeals the award of prejudgment interest. We reverse and remand with directions that a final judgment be en *1150 tered in Dr. Ulano’s favor for $109,266.00 plus prejudgment interest.
Dr. Anderson was the medical director of a kidney dialysis center owned by National Medical Care and its subsidiary, Bio Medical Associates, Inc. (collectively “NMC/BMA”). On or around July, 1977, Dr. Ulano entered into a written employment agreement with Dr. Anderson whereby Dr. Ulano agreed to serve as associate director of this medical facility. As compensation, the parties agreed, among other things, that Dr. Anderson was to pay Dr. Ulano forty percent (40%) of the profits received by Dr. Anderson from the facility. The two doctors also agreed that NMC/BMA would prepare and provide a certification of profits distribution to Dr. Anderson.
On June 30, 1988, Dr. Ulano filed the action below to recover his share of the profits deemed due him from July 1, 1977 through December 31, 1987. This case proceeded to a bench trial on February 18,1992. After the conclusion of the trial, the parties submitted written final arguments on February 28,1992.
Approximately five months later, on July 17, 1992, the lower court orally announced to the parties in chambers that it was finding for Dr. Ulano on the issue of liability and directed the parties to submit written argument as to the amount of damages within ten days. Prior to the parties’ written submission, however, the court sua sponte entered a written final judgment in favor of Dr. Anderson. That final judgment was appealed and reversed by this court in Ulano v. Anderson, 626 So.2d 1112 (Fla. 3d DCA 1993), based upon the fact that it was inconsistent with the lower court’s earlier oral pronouncements.
The lower court finally entered a final judgment pursuant to the mandate in Ulano on August 8,1996, wherein the court found in favor of Dr. Ulano, but awarded him only $11,464.00 as damages plus prejudgment interest. This appeal is from this second final judgment.
Both parties concede on appeal that the court’s judgment in this amount is totally inexplicable and unsupported by the record evidence. Dr. Anderson, however, maintains that Dr. Ulano is entitled to no recovery where Dr. Ulano failed to introduce proper evidence from which his damages could be ascertained with reasonable certainty. We disagree. Our review of the record evidence reveals that Dr. Ulano introduced certifications made by NMC/BMA, the authenticity and accuracy of which was not challenged by Dr. Anderson,[1] indicating that Dr. Ulano was entitled to $137,926.00, or 40% of the profits distributed to Dr. Anderson for the period in question. Since there was further testimony that Dr. Ulano had actually received $28,-660.00 in profits during the contractual period, by simple mathematical calculations, Dr. Ulano was entitled to an additional $109,-266.00. The trial court’s award of only $11,-464.00 to Dr. Ulano as damages based upon this undisputed evidence then was clearly erroneous. See Holland v. Gross, 89 So.2d 255, 258 (Fla.1956); Dorton v. Jensen, 676 So.2d 437, 438 n. 1 (Fla. 2d DCA 1996). In this same light, we further find no merit to Dr. Anderson’s assertion that prejudgment interest was improperly awarded to Dr. Ula-no. We conclude that the lower court properly determined that Dr. Ulano was entitled to an award of prejudgment interest from the date of the commencement of this action. See Caribank v. Frankel, 525 So.2d 942, 945 (Fla. 4th DCA 1988) (citing Manning v. Clark, 89 So.2d 339, 341 (Fla.1956)) (interest on liquidated damages claim calculated from date claim became due and was demanded, or suit was commence therefore).
Lastly, we find absolutely no merit to Dr. Anderson’s final statute of limitations argument.
For the foregoing reasons, we reverse the final judgment and remand with instructions that a judgment be entered in favor of Dr. Ulano in the amount of $109,266.00 plus prejudgment interest dating from the commencement of this action.

. Dr. Anderson's only challenge to this evidence was on the grounds of relevancy.