W. SHARP, Judge.
Deborah Kelberman appeals from a dissolution judgment which severed her marital relationship with Marshall Kelberman, her former husband. She argues that the trial court erred by not making an equitable distribution of the parties’ marital assets, by denying her permanent alimony and awarding her only a minimal amount of rehabilitative alimony, by not awarding her far more extensive visitation with the parties’ two young children, and by denying her an award of attorney’s fees. We affirm the judgment in all regards, except the denial of attorney’s fees. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
The record discloses that the parties’ financial situations in this case were quite disparate. Marshall had an excellent job with the hotel industry, and was earning $89,000 per year. Deborah had in the past earned as much as $40,000 in the hotel industry. However, shortly after the parties separated, she lost her job. Some two years later, at the time of trial, she had not obtained another, despite having made efforts to do so. She had no earnings other than unemployment compensation, which was about to expire. She also had no other income sources other than the generosity of her family members, and her significant other, with whom she lived. The extent of their contributions to her support was not established at trial.
Further, the record established that Deborah had, at the time of the dissolution, very few assets. She had been forced to cash in her pension plan. The only asset awarded to her by the dissolution judgment was a boat with a value of approximately $3,000, which she will have to sell due to her inability to make the remaining payments. By comparison, the former husband was well off. He owned the parties’ former marital residence worth $175,000, which had an equity value of $20,000, a money market account with a balance of near $10,000, and other liquid assets.
It appears the parties’ relative abilities to afford adequate legal representation and pay the costs of litigation are not even close to being equal. There was unrefuted testimony that Deborah’s counsel had not been paid the majority of her fees, and that only by her attorney’s good graces was she able to have legal representation at trial. This is a classic situation in which attorney’s fees and costs should have been awarded to the impecunious spouse. See Abernethy v. Fishkin, 638 So.2d 160 (Fla. 5th DCA 1994); Nowell v. Nowell, 634 So.2d 235 (Fla. 1st DCA 1994); Portuondo v. Portuondo, 570 So.2d 1338 (Fla. 3d DCA 1990).
In the final judgment, the trial court justified its denial of attorney’s fees to the former wife because the former husband paid more than his share of marital expenses and child support, following the parties’ separation, and the former wife delayed the dissolution proceedings. However, the record does not support the court’s finding that Deborah delayed the instant lawsuit, and she was (in effect) penalized for not being able to pay any portion of the mortgage on the marital home during the parties’ separation period, by the court’s ultimate disallowance to her of her $6,500 equity, which existed in the marital home when the parties separated.
The judgment is affirmed in all regards except the disallowance of attorney’s fees. This cause is remanded for an evidentiary hearing to determine the proper amount which should be awarded to the former wife for costs and attorney’s fees.
AFFIRMED in part; REMANDED for further proceedings.
GOSHORN, J., concurs.
COBB, J., concurs in part, and dissents in part with opinion.