PER CURIAM.
The instant final judgment of dissolution is reversed in the following respects only. First, it was error for the trial court to award Mrs. Williamson partial attorney’s fees without making findings of fact to support the award. See Firestone v. Firestone, 704 So.2d 1146 (Fla. 4th DCA 1998). Second, it was error for the written final judgment to grant Mrs. Williamson, the custodial parent, “weekend visitation” during the summer weeks in which the couple’s child was to reside with Mr. Williamson. This “weekend visitation” provision was contrary to the coúrt’s oral pronouncement. See Ulano v. Anderson, 626 So.2d 1112 (Fla. 3rd DCA 1993). The final judgment’s visitation schedule defined weekend visitation as “Friday 6 p.m. until Sunday 6 p.m.” Arguing before the trial judge, mother’s counsel had acknowledged that for the five week period at issue, “visitation of some sort ... just that the mother is able to see the child” was appropriate. The trial judge had agreed.
Finally, as a result of this correction, because the child will have visitation with the noncustodial parent for more than 28 consecutive days, in accordance with section 61.30(ll)(g) Florida Statutes (1997), the trial judge is free to consider reducing the amount of support paid to Mrs. Williamson during that period, not to exceed 50 percent of the amount awarded.
For the foregoing reasons, the final judgment is affirmed in part, reversed in part, and remanded. The trial judge should establish visitation times for the summer weeks at issue. He may also make the findings necessary to support a fees award, as well as consider a modification of support for the five week period.