342 So.2d 1003 (1977)
Wayne F. ITALIANE, Appellant,
v.
Joanne G. ITALIANE, Appellee.
No. 76-423.
District Court of Appeal of Florida, Fourth District.
February 4, 1977.
*1004 Ralph Paul Douglas, Pompano Beach, for appellant.
Robert T. Grace, Pompano Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a Final Judgment in a dissolution case and essentially concerns itself with the award of special equities in real property. We reverse in part and affirm in part.
The marriage entered into in 1972 was dissolved four years later almost to the day. It was apparently a stormy marriage which ended in physical combat just prior to the dissolution. As a result of the combat the wife incurred physical injury for which the court ordered the husband to pay to the wife $300 as a contribution toward her medical expenses. This was a proper award and we affirm that portion of the Judgment.
During the marriage the parties acquired interest in two parcels of real estate. The Jefferson County property interest was purchased jointly and titled jointly. The down payment was $6,000, $2,200 of which came from a joint savings account, $2,500 of which came from a loan by the wife's father, and the remaining $1,300 borrowed by the parties from a finance company. The record does not disclose the value of the property. But the court awarded the wife the husband's equity in the property because the wife was bound to pay her father the $2,500 he had loaned toward the purchase price. There was no determination as to who was responsible to pay the $1,300 to the finance company so it is assumed the parties are jointly and severally liable for that portion of the down payment. Also, it is remembered that $2,200 of the down payment was from joint funds. For these reasons the wife has failed to establish that she is legally entitled to the husband's entire interest in the property and the court erred in so ordering.
During the marriage the parties lived in a home on 45th Street in Lighthouse Point, which home was purchased from the separate funds of the wife and was her property. The husband claims special equity in this real property because he performed certain labor to make improvements and paid for the materials to improve the property. Further, he signed a promissory note secured by a mortgage on the marital residence binding himself to pay $50,000 in the event the requirements of the mortgage were not met. He did this on the assurance from his wife that she was going to convey a one-half interest in the property. She never conveyed that interest to him. Additionally, the wife has filed a real property arrangement under Chapter XII of the Federal Bankruptcy Act and placed the marital home in the arrangement which may leave the husband solely liable on the note. The contribution the husband made toward the marital residence by the provision of $6,000 in labor and materials and his becoming jointly or solely obligated on the $50,000 note should be recognized in the Final Judgment. But this court is unable to establish the amount of the special equity to which the husband is entitled since the value of the property is not provided in the record, nor is the outcome of the bankruptcy proceeding known. The Final Judgment does not concern itself with the debts of the parties and establish the respective obligations of the parties as to jointly owed debts. For instance, the husband may be entitled to a $1,300 special equity in the Jefferson County property if he is the only one obligated to pay that amount or is the one who has paid it.
This cause is remanded for the trial court to establish the amount of special equity in the marital domicile to which the husband is entitled on account of his $6,000 contribution and his $50,000 obligation taking into consideration the value of the property. It is further remanded for the trial court to establish the equity to which the wife and the husband are entitled on account of their joint and individual contributions made and obligations incurred in purchase of the Jefferson County real property interest after the present value is established. *1005 It is further remanded for the court to determine the amount of the joint debts of the parties and order one or the other of the parties to pay the said debts taking into consideration the equities established as required above and the other considerations the law may require. The case of Ball v. Ball, 335 So.2d 5 (Fla. 1976) is not applicable here because the dissolution proceedings herein were instituted before that opinion became final. This cause is remanded for the establishment of the special equities and debts and the Judgment is affirmed in all other respects.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
DOWNEY, J., and GREEN, OLIVER L., Jr., Associate Judge, concur.