566 So.2d 831 (1990)
David R. SAMPSON, Appellant/Cross-Appellee,
v.
Sandra K. SAMPSON, Appellee/Cross-Appellant.
No. 89-1580.
District Court of Appeal of Florida, Fifth District.
August 23, 1990.
Rehearing Denied September 21, 1990.
*832 Eugene E. Rhodes, Jr., South Daytona, for appellant, cross-appellee.
Richard E. Brown, Daytona Beach, for appellee, cross-appellant.
HARRIS, Judge.
David R. Sampson appeals his final judgment of dissolution of marriage. He urges that the court erred in requiring that he continue to pay child support to his adult daughter as long as she remains a full-time student. The trial court construed the father's testimony at trial that he wanted to help his children "any way that [he] can" as an agreement to continue court-ordered support through college. This was error and we reverse. See, e.g., Grapin v. Grapin, 450 So.2d 853 (Fla. 1984).
The wife's cross-appeal was neither filed within ten days of service of appellant's notice of appeal nor within 30 days from the rendition of the final judgment as required by Rule 9.110(g), Rules of Appellate Procedure. It is thus untimely. While the timing of the filing of the cross-appeal is not jurisdictional, there was no motion for leave of court to permit the late filing thus there is nothing of record to explain why the rule should not be enforced. See Dellecese v. Value Rent-a-Car and Cigna and Feisco, 543 So.2d 440 (Fla. 1st DCA 1989).
Appeal REVERSED and the cross-appeal is DISMISSED.
PETERSON, J., and McNEAL, R.T., Associate Judge, concur.