576 So.2d 746 (1991)
Barbara D. CLANCE, Appellant/Cross-Appellee,
v.
Wayne D. CLANCE, Appellee/Cross-Appellant.
No. 89-1425.
District Court of Appeal of Florida, First District.
February 14, 1991.
Rehearing Denied April 18, 1991.
*747 Barbara Ann Butler, Jacksonville, for appellant/cross-appellee.
Charles B. Lembcke of Datz, Jacobson & Lembcke, Jacksonville, for appellee/cross-appellant.
JOANOS, Judge.
Barbara D. Clance has appealed, and Wayne D. Clance has cross-appealed, a final judgment of dissolution of marriage. We affirm without discussion as to all issues raised, except with regard to the award of rehabilitative alimony. As to that portion of the final judgment, we reverse and remand to the trial court for issuance of an amended final judgment.
The record herein shows that appellant Barbara D. Clance, is a 46-year old high school graduate with some rudimentary clerical skills. In the course of the 24-year marriage, she worked briefly as a file clerk while the husband was in law school, as a clerk at the family's failed video business in the late 1970s, and for several years in the 1980s as a part-time clerical worker in husband's law office. The former husband is an attorney in private practice, whom the trial court found to earn approximately $13,000 monthly; this finding is not challenged on appeal. The court, as part of its equitable distribution of the parties' marital assets, awarded the wife $1200 per month in permanent periodic alimony, and $1000 per month for two years as rehabilitative alimony.
The purpose of rehabilitative alimony is to enable a spouse to become self-supporting through redevelopment of skills, or training to develop skills. Mundy v. Mundy, 498 So.2d 538 (Fla. 1st DCA 1986). We find that, given the facts outlined above, and the seeming absence of evidence as to any plan for Mrs. Clance to re-develop job skills or acquire new ones, the final judgment does not contain sufficient findings of fact for this court to understand the reason for the $1000 per month to have been awarded as rehabilitative alimony. We therefore reverse the final judgment and remand to the trial court for issuance of an amended final judgment containing adequate findings of fact to support the award of rehabilitative alimony, or a ruling otherwise as to the awards of rehabilitative alimony and/or permanent periodic alimony. See Kim v. Bradshaw, 569 So.2d 532 (Fla. 1st DCA 1990).
Affirmed in part, reversed in part, and remanded with directions.
WOLF, J., concurs.
BARFIELD, J., concurs and dissents with opinion.
BARFIELD, Judge, concurring and dissenting:
I agree with the majority with the exception of its remand of the case to the trial court for factual findings supporting the award of rehabilitative alimony. It is clear from the final judgment that the trial court was fully aware of the wife's employment limitations and what she could expect in the job market. The award of $1,000 per month for two years is consistent with the findings made by the trial court in the judgment. The court found as follows:
E. The Wife, who is 46 years of age, has a high school education and is presently unemployed. The Wife's work history consists in most part of clerical assistance to the Husband in his office, including balancing the checkbook, sending out invoices and answering the telephone.
The Wife is attractive and in good health. Witnesses confirmed her competency and work skills. Although her work has been intermittent, a few years ago Wife worked for almost a year at a federal credit union and performed well *748 enough that her supervisor offered her a promotion.
The Wife sought employment in January and February, 1988, and was unable to secure a job. This was discouraging. Her work history will limit her ability to obtain employment which most likely will be a clerical or receptionist position.
It is entirely reasonable for the trial court to allow the wife two years to seek a job that will yield her $1,000 per month within her work experience limitations. I would not disturb this trial court ruling and leave it to the trial court to review if the wife is unsuccessful at the end of the two year period.
It is necessary to note that the wife sought rehabilitative alimony in her counterpetition for dissolution. Having prevailed on that request, she sought review in this court on the grounds that she should not receive rehabilitative alimony, but should receive the total sum as permanent alimony. In my view the above findings support the award of both. The wife is employable and needs time to find a job, but she will not earn much when she does go to work.
The likely party to object to the judgment is the husband because there is no factual finding to support the lengthy period of two years. It is possible the wife can work and continue to receive rehabilitative alimony. He has not complained.
The majority has reviewed only the award of rehabilitative alimony. I am uncertain what the trial court is expected to do on remand regarding the language "or a ruling otherwise as to the awards of rehabilitative alimony and/or permanent periodic alimony."
No one has complained in this appeal about the absence of a specific finding that the wife is in need of rehabilitative alimony while the trial judge did find a need for permanent alimony. Since the findings do support a need for rehabilitative alimony, the wife petitioned for it, and the judge awarded it, the absence of a specific statement finding need for it is apparently of no consequence.