593 So.2d 522 (1991)
Debra GALLARDO, Appellant/Cross-Appellee,
v.
Manuel G. GALLARDO, Appellee/Cross-Appellant.
No. 91-1198.
District Court of Appeal of Florida, Third District.
December 24, 1991.
Rehearing Denied March 17, 1992.
*523 Lawrence G. Ropes, Jr., Miami, for appellant.
Manuel G. Gallardo, in pro. per.
Before FERGUSON, JORGENSON and COPE, JJ.
PER CURIAM.
Debra Gallardo appeals from a final judgment of dissolution of marriage; Manuel Gallardo cross-appeals from that same judgment. For the reasons that follow, we affirm on the appeal in chief but remand for clarification of the husband's obligation to contribute to day care expenses; on the cross-appeal, we reverse in part and affirm in part.
In its oral pronouncements that followed the final hearing, the trial court resolved various disputed issues, as follows.[1]
1) As to the husband's share of day care expenses, the court ordered him to pay one-half of those expenses each month.
2) The court found that the debts listed by the parties were joint marital obligations to be paid off by both parties jointly.
3) The court awarded the wife primary residential custody of the child and made very specific arrangements regarding the husband's visitation rights.[2] During the husband's extended visitation with the child during the summer, the wife was to pay the husband $257.20.
4) The court found that the marital home was the only asset of the parties, and then appeared to announce that the house was to be sold and the proceeds split. The wife was to remain in the marital home until the sale, and each party was to be responsible for one-half of the mortgage payments.[3]
The trial court did not reduce its oral rulings to a final judgment until four months after the final hearing. In the final judgment, the trial court ruled as follows:
1) The husband was ordered to pay half of the day care expenses on a bimonthly basis.
2) The parties were to "hold each other harmless and indemnify each other from any liability as of the date of the final hearing."
3) The husband was awarded visitation on alternating weekends and holidays, with an extended summer visitation of one month. During the extended visitation, the wife was to pay the husband $157.20 in child support.
4) The court awarded the wife exclusive use and possession of the marital home, ordering her to be responsible for all mortgage payments, taxes, insurance, and repairs.
*524 We find no merit to any point raised by the wife's appeal. However, because the term "bimonthly" is ambiguous and can mean either twice each month or once every two months, we remand for a clarification regarding the frequency of the day care contribution imposed on the husband.
On the husband's cross-appeal, we agree that the trial court erred in failing to conform the final judgment to the oral pronouncements. Cf. Meyer v. Meyer, 525 So.2d 462, 464 (Fla. 4th DCA) (entry of written judgment by trial court containing provision materially different from that which court announced at trial was substantive error, not clerical mistake), rev. denied, 536 So.2d 244 (Fla. 1988); Wilder v. Wilder, 251 So.2d 311, 313-314 (Fla. 4th DCA 1971) (same). We therefore reverse those portions of the final judgment that deal with the husband's visitation rights and the amount of child support that the wife was to pay the husband during the month-long summer visitation, and remand with directions to conform the written judgment to the court's oral pronouncements.
Furthermore, the trial court abused its discretion in awarding the wife sole use and possession of the marital home. Although the trial court did not specify the basis for this award, we find no support in the record for the award as lump sum alimony. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).[4] Accordingly, we reverse that portion of the final judgment that awarded the wife sole possession and occupancy of the marital home and remand with directions to award the wife exclusive possession of the marital home until the minor child reaches the age of majority. See Satanonchai v. Satanonchai, 522 So.2d 1030 (Fla. 3d DCA 1988) (trial court should have awarded wife exclusive use and occupancy of marital home until children, who were in her custody, reached age of majority); Farrington v. Farrington, 390 So.2d 461 (Fla. 3d DCA 1980) (exclusive possession of marital home by custodial parent until child reaches majority proper incident of child support), rev. dismissed, 399 So.2d 1142 (Fla. 1981).[5]
The husband also argues that the trial court erred in failing to distribute the parties' personal property. Because we are not able to determine from the record whether there was a distribution of personal property, we direct the trial court, upon remand, to conduct further proceedings on this matter. § 61.075, Fla. Stat. (1989).[6] Likewise, the trial court erred in neglecting to distribute the marital liabilities. § 61.075; Italiane v. Italiane, 342 So.2d 1003, 1005 (Fla. 4th DCA 1977).
We find no merit to the remaining issues on cross-appeal.
Affirmed in part; reversed in part; remanded with directions.
NOTES
[1] The trial court made additional rulings regarding matters that are not at issue in this appeal.
[2] The husband was to have the child one day a week from 6 p.m. to 8 p.m. and overnight on alternating weekends (the exact time was not specified in the oral pronouncements). The child's birthday and holidays were to be alternated; the wife would have the child on the wife's birthday and Mother's Day; the husband on his birthday and Father's Day. During the summer, the husband was to have a month-long visitation period.
[3] Although the court stated, "[Y]ou have a choice either to sell the house ...," it never listed an alternative.
[4] Because the trial court denied the wife a special equity in the house, the award cannot stand on that basis.
[5] Upon remand, the trial court shall provide that the party responsible for the mortgage payments and other expenses incident to ownership receive a credit upon the sale of the home. See Kelly v. Kelly, 583 So.2d 667 (Fla. 1991); Tinsley v. Tinsley, 490 So.2d 205 (Fla. 3d DCA 1986).
[6] In an earlier proceeding in the litigation, a general master issued a report that resolved a number of the issues raised in the cross-appeal. The ultimate disposition of that report is not clear.