614 So.2d 649 (1993)
William R. MAHAFFEY, Jr., Appellant,
v.
Cyndi MAHAFFEY, Appellee.
No. 92-01716.
District Court of Appeal of Florida, Second District.
February 24, 1993.
*650 Steven W. Hair of The Safety Harbor Law Office of Steven W. Hair, Safety Harbor, for appellant.
Mary Ellen Borja, Palm Harbor, for appellee.
PATTERSON, Judge.
In this dissolution of marriage action, the husband challenges a variety of provisions contained in the final judgment. We reverse the rehabilitative alimony award, the child support award, the visitation restrictions, and vacate the remainder of the judgment so that on remand the trial court may reconsider the overall scheme of equitable distribution.
The parties married on October 19, 1985, while they were in college. Both earned a bachelor's degree from the University of Alabama. The wife's degree is in business administration, with a major in marketing. The parties separated in November of 1991, and they have a six-year-old daughter.
At the time of the final hearing, March 23, 1992, the husband was employed by Sears, Roebuck & Co. and earned an annual salary of $29,484. Due to the husband's employment, the parties had moved approximately every eleven months. As a result of the parties' relocation in December 1990, the husband received relocation incentives and reimbursement for moving expenses from his employer in 1991. The husband also has a pension and profit-sharing plan through his employer, which had a value of approximately $4,500 at the time he filed the petition for dissolution.
Following the parties' separation, the wife and child moved to Louisville, Kentucky, where the wife's family lives. The wife obtained employment as a lighting consultant with Breeher's Lighting, Inc., where she earns a gross income of $1,404 per month. Prior to her move to Kentucky, the wife had worked as a preschool teacher in Clearwater and earned a gross income of $903 per month.
The final judgment awarded the wife $250 per month rehabilitative alimony for a period of two years and $645 per month in child support. The final judgment also restricted the husband's visitation with their daughter to the city of the child's residence, Louisville, or to the home of the husband's family in Alabama.
We find nothing in the record to support the award of rehabilitative alimony. Rehabilitative alimony allows a spouse to become self-supporting by redeveloping skills or training to develop skills. Clance v. Clance, 576 So.2d 746 (Fla. 1st DCA 1991). The record in the present case shows no rehabilitative plan. The wife is a college graduate with a marketing degree. She obtained employment as a lighting consultant, and she earns more now than she did during the marriage. The wife did not indicate the need nor the intent to further her education or training, or that such would increase her income. Based on this record, we reverse the award of rehabilitative alimony.
At the conclusion of the supplemental final hearing held on April 6, 1992, the trial court stated that it would use the "29,000 figure" in calculating the amount of child support under the guidelines. The trial court made no finding at the hearing that income should be imputed to the husband. The written final judgment makes no express finding as to the husband's income, *651 but does impute an additional $4,419.76 in "apparent income" to him as a reason for increasing the guidelines figure. The final judgment, however, also states, "The parties have stipulated that the child support should be paid by the non-residential to the residential parent pursuant to the Guidelines of Florida Statutes, Section 61.30... ." We reverse the $645 per month child support award and remand for the trial court to recalculate the proper amount of child support based on the husband's salary of $29,484  consistent with the trial court's oral finding. See Gallardo v. Gallardo, 593 So.2d 522 (Fla. 3d DCA 1991) (final judgment should conform to trial court's oral pronouncements).
The final judgment also restricts the husband's visitation with his daughter to her place of residence in Louisville or to his family's home in Alabama. While there was some testimony as to transportation arrangements for the child, the record is inadequate to support restrictions on visitation without specific findings. Thus, we reverse the restriction limiting the father's visitation with the child to Kentucky or Alabama and direct the trial court on remand to revisit the issue of whether it is necessary to restrict the father's visitation.
Because the reversal of the rehabilitative alimony and child support awards affects the overall equitable distribution plan, we vacate the remainder of the judgment, except for the dissolution of the parties' marriage, and direct the trial court on remand to reevaluate the final judgment in its entirety, including the scheme of equitable distribution. See Sweeney v. Sweeney, 583 So.2d 398 (Fla. 1st DCA 1991).
Reversed and remanded.
DANAHY, A.C.J., and BUCKLEW, SUSAN C., Associate Judge, concur.