646 So.2d 278 (1994)
Lucky F. ZELAHI, Appellant,
v.
Jacqueline J. ZELAHI, Appellee.
No. 93-03700.
District Court of Appeal of Florida, Second District.
December 2, 1994.
Terry Ellen Fixel and Tracy Belinda Newmark of Fixel & LaRocco, Hollywood, for appellant.
David J. Migneault, Ft. Myers, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant/husband, Lucky F. Zelahi, challenges the court's award of permanent and rehabilitative alimony to appellee/wife, Jacqueline J. Zelahi. We affirm the award of permanent alimony. We also find justification for an award of rehabilitative alimony, although we are concerned over the lack of specified goals for rehabilitation in the final judgment.
Five years into this thirteen-year marriage, an automobile accident left appellant totally disabled. He and appellee have lived since that time chiefly on his $2,000 per month net income from workers' compensation and social security. In the dissolution action, the parties entered into a separation agreement approved by the court which resolved all issues except entitlement to, nature and amount of alimony. Both parties were previously married and have adult children by those marriages.
Appellee/wife married her first husband at age sixteen. She completed the ninth grade in school, and later acquired her G.E.D. She has taken a few weeks of business and computer courses over the years, but has negligible work experience. She worked briefly as a sales person in a department store and for a florist, and has worked as housekeeper for short periods of time. She also assisted appellant in his construction business before he was disabled. She has essentially not been gainfully employed during her lifetime. She has various health problems, but testified she could work to some extent if she could find work. She has no place to live and no transportation.
The trial judge awarded appellee $250 per month permanent alimony and $750 per month rehabilitative alimony "for a period of not to exceed thirty (30) months, unless extended by the court."
The final judgment further provided that "[e]ach party is given leave to review the award of rehabilitative alimony after a period of one hundred and fifty (150) days from the entry of this judgment." Thus, it appears the rehabilitative alimony could extend anywhere from five months to thirty months and beyond without any specified goals for appellee. Admittedly, appellee is approximately fifty years of age, without any useable prior work experience and without any means to *279 support herself at the present time. Appellant's counsel argued in closing that:
She could take courses, she could get retrained. As she put it, she's untrained at this time. I would suggest it would be fair in these circumstances to give her a period of rehabilitative alimony, if the Court is going to give her any at all. And if she makes a good faith effort, she should be able to be retrained and self-sufficient to support herself. If she makes no effort at all, I think that speaks for itself.
She needs to be encouraged to help herself to get retrained, to become self-supporting. And it would be reasonable for the Court to have Mr. Zelahi help her in that endeavor, but not reasonable to assess permanent alimony when there is nothing shown that she couldn't be retrained, as she puts it.
It is clear that both appellant and appellee cannot be expected to be separately sustained on appellant's disability income. Since appellant is disabled and totally unable to work, it also is clear that appellee must find a source of income. She is untrained and unemployed, but probably not untrainable and unemployable. It was reasonable for the trial judge to award her a small amount of permanent alimony. It was also reasonable to provide for a period for rehabilitation or employment acquisition and for rehabilitative alimony during that period of time. We do not approve of the "open-ended" nature of the rehabilitative period and the alimony during that period. While it is not so indicated in the final judgment, it appears the trial judge may have been attempting to "bridge-the-gap" between marriage and dissolution and unemployment and employment. Nevertheless, some plan for appellee's rehabilitation should be spelled out more specifically in the final judgment.
As the court said in Clance v. Clance, 576 So.2d 746 (Fla. 1st DCA 1991), the final judgment does not contain sufficient findings of fact for this court to understand the reasons for the amount and extent of rehabilitative alimony. It is equally important, if not more so, that the parties understand what is required of them in regard to the plans for rehabilitation of appellee. See also Mahaffey v. Mahaffey, 614 So.2d 649 (Fla. 2d DCA 1993).
We affirm the award of permanent alimony. We reverse that part of the final judgment as it pertains to rehabilitative alimony and remand for issuance of an amended final judgment containing adequate findings of fact to support the goals for and the terms and amount of rehabilitative alimony.
SCHOONOVER and BLUE, JJ., concur.