686 So.2d 759 (1997)
Iolanda CARPENTER, Appellant,
v.
Lisa Marie BERGE, Appellee.
No. 96-2193.
District Court of Appeal of Florida, Fifth District.
January 17, 1997.
James Michael Murray of James Michael Murray, P.A., Rockledge, for Appellant.
Kurt Erlenbach of Erlenbach & Erlenbach, P.A., Titusville, for Appellee.
COBB, Judge.
This appeal presents the question of whether the proper legal standard was applied to a modification of child custody action brought by Berge, the natural mother, against Carpenter, the child's grandmother. The trial court applied the provisions of Chapter 751, Florida Statutes, to this proceeding and ruled that the mother merely had to show she was a fit parent in order to obtain a transfer of custody from the grandmother to herself.
The record reflects that on October 26, 1993, the child's natural mother, the natural father and grandmother jointly petitioned the trial court for an adjudication of child custody and support. The petition contained a joint stipulation for custody requesting that the court give temporary and permanent custody of the child to Carpenter, with whom the child had been living. A final judgment of custody and support giving Carpenter custody of the child was entered on November 12, 1993.
Berge filed a petition for modification in September, 1995, seeking return of the child. The trial court ruled that the provisions of Chapter 751, Florida Statutes, entitled "Temporary Custody of Minor Children By Extended Family" applied to this modification action and that Berge merely had to show she was a fit parent in order to obtain a transfer of custody. Following a hearing the court ruled that Berge carried her burden and ordered a transfer of custody. We reverse.
*760 The provisions of Chapter 751 by their own terms apply to a temporary custody setting. The petition and joint stipulation for custody and support, filed on October 26, 1993, and the November 12, 1993 final judgment entered pursuant thereto, when read in pari materia, establish that a permanent custody arrangement in behalf of the grandmother was adjudicated. It was error to apply the provisions of Chapter 751 to this case.
Rather, the parties here, in jointly petitioning on October 26, 1993 for a court adjudication of custody and support, invoked the provisions of Chapter 61, Florida Statutes. Chapter 61 has recognized since May 15, 1993, that grandparental custody may be awarded in certain situations. See § 61.13(7), Fla.Stat.[1]See generally Russo v. Burgos, 675 So.2d 216 (Fla. 4th DCA 1996). Indeed, section 61.13(7) is significant because when it is properly invoked, it affords the grandparents the same standing as a natural parent for evaluating what custody arrangements are in the best interest of the child. S.G. v. G.G., 666 So.2d 203 (Fla. 2d DCA 1995).
The trial court erred in applying Chapter 751 and in ruling that because the mother was a fit parent, a transfer of custody from the grandmother to her was required. Rather, modification of permanent child custody may be ordered only upon showing of a substantial change in circumstances since entry of the original order and that the welfare of the child would be promoted by a modification of custody. Ackerson v. Murphy, 622 So.2d 154 (Fla. 5th DCA 1993); Stricklin v. Stricklin, 383 So.2d 1183 (Fla. 5th DCA 1980). Because an erroneous legal standard was applied below, the cause is remanded for reconsideration using the proper standard.
REVERSED AND REMANDED.
HARRIS and THOMPSON, JJ., concur.
NOTES
[1] Section 61.13(7) provides:

In any case where the child is actually residing with a grandparent in a stable relationship, whether the court has awarded custody to the grandparent or not, the court may recognize the grandparents as having the same standing as parents for evaluating what custody arrangements are in the best interest of the child.