759 So.2d 718 (2000)
Jennifer NEWSOM, Appellant,
v.
Michael L. NEWSOM, Appellee.
No. 2D99-907.
District Court of Appeal of Florida, Second District.
April 28, 2000.
*719 Jennifer Newsom, pro se.
Wayne J. Boyer of Boyer and Schiltz, P.A., Clearwater, for Appellee.
CAMPBELL, Acting Chief Judge.
Jennifer Newsom, the appellant mother, challenges the trial court order granting primary residential responsibility of the parties' minor daughter to Michael Newsom, the appellee father. After a review of the record, we conclude that the trial court abused its discretion in finding that there has been a substantial change in circumstances since the 1987 final judgment wherein the parties enjoyed shared parental responsibility. We therefore reverse.
In his motion to modify custody, the father alleges that the current custody scheme wherein the child resides with each parent an equal amount of time is disruptive to the child's lifestyle; that the child desires less visitation with the mother; and that primary residential responsibility with the father is in the child's best interests. This is insufficient standing alone to establish a sufficient change in circumstances so as to justify modification of an existing custody order. A trial court's authority and discretion in a modification proceeding are more restricted than at the time of the initial custody determination. See Blosser v. Blosser, 707 So.2d 778 (Fla. 2d DCA 1998). In considering a modification of custody, the petitioner must plead and establish that circumstances have substantially changed since the final judgment; and that the change has such an important impact on the child that the court is justified in imposing a change of custody in the best interests of the child. See Gibbs v. Gibbs, 686 So.2d 639 (Fla. 2d DCA 1996).
In this case, we cannot conclude that there has been such a substantial change in circumstances as to warrant modification. While it is undisputed that the father and mother have a very acrimonious relationship, it was noted by the trial court that both are intelligent individuals who love their child and are concerned about her welfare. Even the guardian, *720 while recommending that the father have primary residential responsibility, noted in his report that the father and stepmother have actively avoided attempts at co-parenting, while the mother has demonstrated a consistent attempt at co-parenting. While the trial court stated that it considered all of the elements of section 61.13, Florida Statutes (1997), and found that there had been a substantial change in circumstances warranting a change in primary residential custody, we cannot agree based on the record before us. The fact that the parents cannot communicate and get along does not constitute a material change in circumstances to warrant modification of custody. See Zediker v. Zediker, 444 So.2d 1034 (Fla. 1st DCA 1984). Accordingly, we reverse the final order and remand for entry of an order denying the father's petition.
Reversed and remanded.
SALCINES, J., and DANAHY, PAUL W., (Senior) Judge, Concur.