783 So.2d 290 (2001)
Graham Marquis GREENE, Appellant/Cross-Appellant.
v.
Diane Jean SUHOR, Appellee/Cross-Appellant.
No. 5D00-1189.
District Court of Appeal of Florida, Fifth District.
March 9, 2001.
Rehearing Denied May 9, 2001.
Cynthia L. Greene of Law Offices of Cynthia L. Greene, P.A., Miami, and Law Offices of Rose M. Hurnevich, Orlando, and for Appellant/Cross-Appellee.
Sharon Lee Stedman of Sharon Lee Stedman, P.A., Orlando, for Appellee/Cross-Appellant.
SHARP, W., J.
The father, Graham Greene, appeals from a final order of modification which denied his petition for primary residential custody of his eight year old son Shane. The trial court found that the father failed to show a substantial change of circumstances. We conclude that under the facts of this case, the father was not required to meet this heavy burden of proof. Rather, the modification proceeding should have been treated as though it were an initial custody determination, using the standard of the "best interests" of the child.
The father and the mother, Diane Suhor, never married. Their son Shane was born in Texas in 1993. About a year later, the parties agreed to a court order in Texas, which legitimized Shane and provided that the mother would determine his primary residence.
The parties later moved to Florida. The mother now lives in central Florida and the father in Miami. In October 1995, the father filed a petition to domesticate and modify the Texas order. The mother counterpetitioned for modification.
In July 1997, Judge Leonard Wood entered an order which provided that the parties would have shared parental responsibility and that Shane would be with each parent on alternating months until he started kindergarten. At that time, residential custody would be with the mother. However, Judge Wood also provided that *291 either party could seek reconsideration of the residential custody issue when Shane started school without showing a change in circumstances.
In October 1997, the father filed a supplemental petition to obtain primary residential custody, alleging among other things, that the mother was using illegal drugs. A hearing was held on this petition on December 9, 1997. The mother did not attend. Judge Wood reviewed a drug test which showed that the mother had used cocaine. He also reviewed the guardian ad litem reports which were unfavorable to the mother. Judge Wood then awarded sole and full custody of Shane to the father, with supervised visitation for the mother.
In 1998, Judge Wood recused himself and the case was assigned to Judge Seymour Benson. In February 1998, the mother filed a motion for relief from Judge Wood's December 9, 1997 order. The mother alleged that she was never served with the petition for modification and that the evidence failed to show any change of circumstances.
In September 1998, Judge Benson vacated Judge Wood's December 9, 1997 order on the basis that the mother had not received adequate notice for trial. The order was treated as a temporary order and the parties were required to comply with it, except that the mother was to have unsupervised visitation.
In November 1998, the father moved to require supervision of the mother's visitation, citing among other things, her arrest for possession of drug paraphernalia. In January 1999, the mother agreed to supervised visitation, and an order was entered to this effect.
In October 1999, the father again petitioned for residential custody. The petition cited the mother's bizarre and hostile behavior, her arrest for drug-related offenses and her lack of contact with Shane during 1998.
A month later, the mother moved to have unsupervised visitation. The mother showed that she was recovering from her drug addiction and would not pose any harm or threat to her son. On February 4, 2000, this motion was granted.
The final hearing in this matter was held two weeks later. The evidence established that Shane has lived with his father since December 1997. By all accounts, he is a happy, healthy, and well-adjusted child. The father is now married and has a young daughter, to whom Shane is quite attached.
The mother, a recovering drug addict and alcoholic, was arrested twice on drug charges in 1998. She was also charged with passing worthless checks. She admitted that she only saw Shane twice in 1998. Her financial affidavit filed six weeks before the hearing showed no income. By the time of the hearing, the mother was pursuing an acting career.
The guardian ad litem from 1997 testified that she had recommended that the father have primary residential custody. The guardian ad litem appointed in 1998 believed that either parent would be suitable as the residential parent. A psychologist appointed by the court to evaluate the parties recommended that the father be the primary custodian.
Judge Benson found that the father failed to meet the threshold burden of showing a substantial change in circumstances. Thus he did not consider the best interests of the child.
We acknowledge that a party seeking to modify custody must prove a substantial and material change in circumstances. Newsom v. Newsom, 759 So.2d 718 (Fla. 2d DCA 2000); Carpenter v. *292 Berge, 686 So.2d 759 (Fla. 5th DCA 1997); Miller v. Miller, 671 So.2d 849 (Fla. 5th DCA 1996). However, we conclude that in this case such a showing by the father was not necessary or required.
In 1997, Judge Wood ordered the parties to have rotating custody until Shane started kindergarten. At that time, either parent could apply for residential custody without showing a change in circumstances. By December 1997, the father had obtained sole custody. Since this time, the father has been the primary residential parent and at times, the only parent. The mother admitted she only saw Shane twice in 1998. In 1999, she voluntarily agreed to supervised visitation with Shane. The mother completed her drug rehabilitation program and has had unsupervised visitation only for a few weeks before the hearing.
In these circumstances, there is no reason to favor the mother and to require the father to bear a higher burden of proof. See Mooney v. Mooney, 729 So.2d 1015 (Fla. 1st DCA 1999) (neither parent bore higher burden of proof in post-dissolution action to modify child custody after initial custody order granted parents rotating custody until child began school; rather modification would be treated as though it were an initial custody determination); Skirko v. Skirko, 677 So.2d 885 (Fla. 3d DCA 1996), rev. denied, 689 So.2d 1071 (Fla.1997) (no reason to favor mother over father in modification proceeding where child has spent almost equal amounts of time with each parent pursuant to a joint custody award and child was now in school so that rotating custody was no longer workable).
We thus remand to the trial court to reevaluate this proceeding as though it were an initial custody determination, using the standard of "best interests" of the child. The court may rely on the evidence it has already heard or may allow additional testimony, in its discretion. Although findings are not required, such findings would facilitate meaningful appellate review in highly contested case such as this.
The mother has cross-appealed, arguing that the trial court should have ruled and granted her motion for attorney's fees. The notice of cross-appeal is untimely and the mother did not move for leave of this court to permit the late filing. Thus we dismiss the cross-appeal. See Sampson v. Sampson, 566 So.2d 831 (Fla. 5th DCA 1990).
Modification Order REVERSED; REMANDED for further proceedings; Cross-Appeal DISMISSED.
PETERSON and PLEUS, JJ., concur.