800 So.2d 289 (2001)
Ingrid PERDICES, Appellant,
v.
Jorge PERDICES, Appellee.
No. 3D01-1602.
District Court of Appeal of Florida, Third District.
October 24, 2001.
Rehearing, Rehearing and Certification Denied December 10, 2001.
*290 Baird & Verster, and Lisa A. Baird, Miami, for appellant.
McFarlain & Cassedy, and Robert A. McNeely, Tallahassee, for appellee.
Before JORGENSON, GREEN, and RAMIREZ, JJ.
Rehearing, Rehearing En Banc and Certification Denied December 10, 2001.
RAMIREZ, J.
Ingrid Perdices, the appellant mother, seeks reversal of an order that modified primary custody in favor of the appellee father, Jorge Perdices. We reverse because the trial court did not utilize the correct standard in determining whether the modification of custody was warranted.
"A parent seeking to modify a prior custody award bears the extraordinary burden of demonstrating a substantial change in circumstances since the entry of the initial custody decree and that the child's best interest or welfare will be promoted by the change." Perez v. Perez, 767 So.2d 513, 516 (Fla. 3d DCA 2000). Florida courts require proof that the child's continuing residence with the custodial parent would be detrimental to or have an adverse impact upon the child. Id. "[A] showing of detriment or inadequacy of care has consistently been required by the courts of this state to effectuate a modification of custody and indeed has clarified for both the bench and the bar what actually constitutes a `substantial change in circumstances.'" Id. at 516-17.
*291 Additionally, the petitioner must establish that the change in circumstances has such an important impact on the child that the court is justified in imposing a change of custody in the best interests of the child. Newsom v. Newsom, 759 So.2d 718, 719 (Fla. 2d DCA 2000). "The fact that the parents cannot communicate and get along does not constitute a material change in circumstances to warrant modification of custody." Id. at 720.
The record in this case is devoid of any showing of detriment that could substantiate a modification of custody. The trial court made no finding that the mother's retention of custody was detrimental to the child. An examination of the record does not reveal that the home was unsuitable or that the mother had failed to meet the needs of the child. There was no evidence that the child's health had been harmed by any action or inaction of the mother. The only change in circumstances alluded to by the trial court was the deterioration of the parents' ability to cooperate with each other. Therefore, the trial court abused its discretion by modifying custody.
However, the trial court did not abuse its discretion when it ordered the parents to participate in co-parenting counseling. A better relationship between the parents is surely in the best interests of the child.
Reversed.