917 So.2d 379 (2005)
Mohammed Z. BAIG, Appellant,
v.
Saba BAIG, Appellee.
No. 2D04-2802.
District Court of Appeal of Florida, Second District.
December 30, 2005.
*380 Andrea M. Norgard of Norgard & Norgard, Bartow, for Appellant.
Debra J. Sutton of The Law Firm of Debra J. Sutton, P.A., Bartow, for Appellee.
DAVIS, Judge.
Mohammed Z. Baig ("the Former Husband") appeals the trial court's final judgment of dissolution of his marriage to Saba Baig ("the Former Wife"). The Former Husband argues (1) that the trial court erred in awarding the Former Wife rehabilitative alimony, (2) that he should not be required to assume a prior debt related to his son's private school tuition, and (3) that the final judgment should be reversed because it was prepared by the Former Wife's counsel and merely adopted by the trial judge. We affirm on the second and third issues without further comment. However, because the trial court's order fails to make the necessary findings of fact to support the award of rehabilitative alimony, we reverse that provision of the final judgment and remand for further consideration.
Section 61.08(2), Florida Statutes (2003), provides:
In determining a proper award of alimony or maintenance, the court shall consider all relevant economic factors, including but not limited to:
(a) The standard of living established during the marriage.
(b) The duration of the marriage.
(c) The age and the physical and emotional condition of each party.
(d) The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each.
(e) When applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.
(f) The contribution of each party to the marriage, including, but not limited to, services rendered in home-making, child care, education, and career building of the other party.
(g) All sources of income available to either party.
Although section 61.08(1) requires the trial court to include in its judgment findings of fact relative to these factors, the trial court here made factual findings relative only to the Former Husband's income, the imputation of income to the Former Wife, and the standard of living established during the marriage. Specifically, concerning the parties' standard of living, the trial court found:

*381 The standard of living was dictated by the [Former] Wife solely for the time period that the [Former] Husband attended dental school. The [Former] Wife supported the [Former] Husband and her efforts helped [the Former] Husband finish dental school. The [Former] Wife should be placed in a similar position as [the Former] Husband.
The final judgment of dissolution is otherwise devoid of findings relating to the alimony determination. Nevertheless, the trial court awarded the Former Wife rehabilitative alimony in the sum of $1200 a month for thirty-six months so long as the Former Wife remains a full-time student during that time.
Because the trial court's order fails to address the statutorily required findings, we reverse the award of rehabilitative alimony and remand for further consideration. See Walker v. Walker, 818 So.2d 711 (Fla.2d DCA 2002).
If the trial court again determines that rehabilitative alimony is appropriate, the amended final judgment should contain adequate findings to support the award of rehabilitative alimony in the specified amount. See Zelahi v. Zelahi, 646 So.2d 278 (Fla.2d DCA 1994).
Affirmed in part, reversed in part, and remanded for further consideration.
SILBERMAN and WALLACE, JJ., Concur.