991 So.2d 427 (2008)
William Brian LANGFORD, Appellant,
v.
Eliza Hanna MASCO, Appellee.
No. 2D07-4685.
District Court of Appeal of Florida, Second District.
September 26, 2008.
*428 Karen S. Beavin of McGowan, Lucarelli & Quinn, P.A., Naples, for Appellant.
No appearance for Appellee Eliza Hanna Masco.
NORTHCUTT, Chief Judge.
William Langford challenges two aspects of a final judgment of injunction for protection against domestic violence. He first contends that the evidence was insufficient to support the injunction. We affirm on that issue without further discussion. But Langford's second point is well taken. We reverse and remand to the circuit court to correct what appears to be a scrivener's error in the judgment that affects Langford's visitation with his child.
Langford's former wife, Eliza Masco, petitioned for the injunction, asking among other things to be granted temporary custody of the parties' daughter and to have Langford precluded from visiting the child. At the hearing on her petition, it was undisputed that the parties' divorce judgment had designated Masco as the child's primary residential parent and had prescribed a schedule for Langford's visitation with his daughter. The judge presiding over the injunction matter advised Masco that if she wanted the visitation altered or terminated, she would have to seek a postjudgment order in the divorce proceeding. Still, the judge properly noted that the parties would have to work through a third party to exchange the child for visitation because the injunction prevented Langford from contacting Masco or coming within 500 feet of her residence or her place of employment. The judge directed the parties to confer with a representative of the Children's Advocacy Center, who was present at the hearing, in order to arrange the visitation exchanges.
Thereafter, the judge entered a form order fashioned after Family Law Form 12.980(d)(1). In paragraph 18 he checked the box next to a preprinted provision stating that "[t]he parties are hereby ordered to contact [the Children's Advocacy Center] within 48 hours of service of the Injunction for purposes of establishing a visitation schedule" and describing other duties concerning the establishment of a visitation schedule. (Emphases supplied.) This directive did not conform to the judge's oral ruling, and therefore it must be corrected. See Ruschiwal v. Ruschiwal, 971 So.2d 190, 191 (Fla. 2d DCA 2007) (noting that the circuit court erred when its written ruling did not conform to its oral pronouncement); Mahaffey v. Mahaffey, 614 So.2d 649, 651 (Fla. 2d DCA 1993) *429 (reversing when written order was inconsistent with trial court's oral finding).
We note that paragraph 17 of Family Law Form 12.980(d)(1) addresses the "Exchange of Minor Children." Based on the judge's statements at the hearing we suspect that he intended to use this paragraph to implement his rulings and that it was likely a mere scrivener's error that paragraph 18 was checked instead.
We reverse the judgment insofar as it requires the parties to establish a visitation schedule, and we remand for further proceedings. We affirm the order in all other respects.
Affirmed in part; reversed in part; remanded.
STRINGER and SILBERMAN, JJ., Concur.