KELLY, Judge.
 

 Terry Brewer, the former husband, appeals the amended supplemental final judgment awarding the former wife, Mary Brewer, $8075 in retroactive alimony. He contends that the award is based on calculations which differ from the oral pronouncements made by the trial court at the hearing on the former wife’s request for retroactive alimony. We agree and accordingly, reverse.
 

 The final judgment dissolving the parties’ marriage was entered in March 2007. It awarded the former wife $1600 per month in permanent periodic alimony and reserved jurisdiction to consider the former wife’s entitlement to retroactive alimony and attorney’s fees. At the evidentia-ry hearing to determine those issues, the trial court found that the former husband’s monthly expenses during the retroactive time period were $3614 and ruled that “repayment of retroactive alimony would be maxed out at twenty percent of the amount of alimony that has been ordered.”
 

 In contrast, the amended supplemental final judgment stated that the former husband’s monthly expenses were $3200 per month. Based upon this figure and a monthly net income of $4500, the court found that the former husband had the
 
 *433
 
 ability to pay $1300 per month in retroactive alimony. The court awarded the former wife $1000 per month in retroactive alimony payable at a monthly rate of $500. Had the trial court calculated the former husband’s ability to pay based on $3614 in monthly expenses rather than $3200, the written judgment would have reflected that he had only $886 per month from which to pay retroactive alimony. Further, had the trial court structured the payments as it had announced it would at the hearing, the former husband would have been required to repay no more than $320 per month (20% of the $1600 in alimony previously awarded) instead of the $500 set forth in the amended supplemental final judgment.
 

 Reversal is required where the final judgment is inconsistent with the trial court’s oral pronouncement.
 
 Mahaffey v. Mahaffey,
 
 614 So.2d 649, 650-51 (Fla. 2d DCA 1993);
 
 Gallardo v. Gallardo,
 
 593 So.2d 522, 524 (Fla. 3d DCA 1991). We therefore reverse the retroactive alimony award set forth in the written judgment and remand for the trial court to recalculate the proper amount of alimony and its repayment, taking into consideration the former husband’s expenses during the retroactive alimony period consistent with the court’s oral findings.
 
 See Mahaffey,
 
 614 So.2d at 650.
 

 Reversed and remanded.
 

 ALTENBERND and SILBERMAN, JJ., concur.