PER CURIAM.
Becky Gibson timely appeals from an Amended Final Judgment of Dissolution of Marriage. She raises two points on appeal, and we agree with her as to both. First, we agree that the trial court erred in failing to address Appellant’s request for permanent periodic alimony. At a preliminary hearing, the trial court found that the marriage was a long term marriage and that Appellant had a need for and was entitled to a permanent alimony award. More importantly, the parties thereafter entered a stipulated mediation agreement in which both agreed to an award of permanent periodic alimony to Appellant. Inexplicably, the final judgment neither awards alimony nor explains the basis for failing to do so. This appears to be a simple oversight on the part of the trial judge.
Second, the final judgment contains inconsistent directives with respect to the *765 marital home. In making its equitable distribution, the trial court awarded the entire value of the marital home to Appellant along with the entire remaining debt associated with this asset, declaring that “the other party shall have no further rights or responsibilities regarding these assets.” However, the final judgment also contains a wholly inconsistent provision stating that upon termination of Appellant’s “exclusive use and possession, the [marital home] shall be sold and the net proceeds divided 60% to Petitioner and 40% to Respondent.” Obviously, one of those provisions was included in error.
Accordingly, we reverse those portions of the final judgment addressing the marital home and remand with directions that the trial court readdress that issue along with Appellant’s request for alimony. In all other respects, we affirm the final judgment.
AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH DIRECTIONS.
PALMER, LAWSON and TORPY, JJ., concur.