NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


KIM SUK,                                    )
                                           )
            Appellant/Cross-Appellee,      )
                                           )
v.                                         )          Case No. 2D14-5709
                                           )
SOOK H. CHANG,                             )
                                           )
            Appellee/Cross-Appellant.      )
_____)

Opinion filed March 11, 2016.

Appeal from the Circuit Court for
Hillsborough County; Ashley B. Moody,
Judge.

Mark S. Howard of Mark S. Howard, P.A.,
Tampa, for Appellant/Cross-Appellee.

Joryn Jenkins of Open Palm Law, Tampa,
for Appellee/Cross-Appellant.


VILLANTI, Chief Judge.

        Kim Suk (the Husband) appeals the final judgment of dissolution of his

marriage to Sook H. Chang (the Wife), raising two issues.  We affirm without comment

the trial court's decision not to impose a constructive trust on the Korean condominium.

However, as the Wife properly concedes, we must reverse the portion of the final

judgment that unequally allocated the proceeds of the sale of the real property located

at 7715 Citronella Avenue[1] and remand for the trial court to enter an amended final judgment of dissolution, as explained below, that is internally consistent as to the disposition of this asset.

The record shows that the parties owned several pieces of real property that produced rental income for them during the course of the marriage, one of which was the 7715 Citronella property. In an interlocutory ruling, the trial court adopted the stipulated value of the 7715 Citronella property of $55,017, ordered that the property be listed for sale at a price of no less than that amount, and ordered that the proceeds of the sale be split evenly between the parties.

It is not clear from the record what steps the parties took to comply with this interlocutory ruling; however, it is clear that the 7715 Citronella property had not been sold by the time of the final hearing. In the final judgment, the trial court ordered that the parties abide by this earlier interlocutory ruling as to the disposition of this property. However, when the trial court listed this property in the equitable distribution schedule, it allocated $27,508.50 to the Wife but $36,000 to the Husband. It appears that this error arose because the parties stipulated at trial that the value of the 7715 Citronella property was actually $72,000—half of which would be $36,000—rather than the $55,017 that was the agreed value when the interlocutory order was entered. However, regardless of how or why the error arose, it resulted in an irreconcilable, albeit unintentional, internal inconsistency within the final judgment, as well as a written

_____

[1]All of the parties' properties were in Tampa, including several on Citronella Avenue. Therefore, we are referencing the actual address for clarity for the trial court on remand.

judgment that deviated from the court's oral ruling and an overcalculation of the equalization payment due from the Husband to the Wife.

Generally, "[r]eversal is required where the final judgment is inconsistent with the trial court's oral pronouncement." Brewer v. Brewer, 3 So. 3d 432, 433 (Fla. 2d DCA 2009); see also Mahaffey v. Mahaffey, 614 So. 2d 649, 650-51 (Fla. 2d DCA 1993); Gallardo v. Gallardo, 593 So. 2d 522, 524 (Fla. 3d DCA 1991) (reversing the portion of the final judgment concerning visitation and remanding with directions to confirm the written judgment to the court's oral pronouncement); cf. Meyer v. Meyer, 525 So. 2d 462, 464 (Fla. 4th DCA 1988) (noting that the entry of a written judgment that is materially different from the court's oral pronouncement is a substantive error requiring correction). Further, dissolution judgments that contain internal inconsistencies must be reversed so the inconsistencies can be corrected. See, e.g., Allen v. Allen, 114 So. 3d 1102, 1103-04 (Fla. 1st DCA 2013) (reversing internally inconsistent final judgment of dissolution and remanding for the trial court to correct inconsistent provisions relating to child support and the allocation of child-related expenses); Gibson v. Gibson, 98 So. 3d 764, 764-65 (Fla. 5th DCA 2012) (reversing final judgment that contained inconsistent directives concerning the disposition of the proceeds of the marital home). The remedy is for this court to remand so that the inconsistency can be corrected.

Here, the Wife has conceded error on this issue in this appeal. Therefore, we reverse the portion of the equitable distribution worksheet that addresses the allocation of the proceeds of the sale of the 7715 Citronella property and remand for the trial court to enter an amended final judgment that divides the value of this property

evenly between the parties.  Making this correction will require the trial court to also recalculate the equalizing payment due from the Husband to the Wife.  On remand, the trial court may, if necessary, consider any new evidence concerning the status of the sale of this property.  In all other respects, we affirm.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

WALLACE and LUCAS, JJ., Concur.