NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

T.J.,                                          )
                                               )
          Appellant,                           )
                                               )
v.                                             )          Case No. 2D14-4403
                                               )
C.W.P. III,                                    )
                                               )
          Appellee.                            )
_____)

Opinion filed March 16, 2016.

Appeal from the Circuit Court for
Hillsborough County; Tracy Sheehan,
Judge.

Angela Lynn Leiner of The Law Office of
Angela L. Leiner, P.A., St. Petersburg, for
Appellant.

Joseph R. Fritz of Joseph R. Fritz, P.A.,
Tampa, for Appellee.


VILLANTI, Chief Judge.

          T.J. (the Mother) appeals the final judgment of paternity and time-sharing

entered in this litigation brought by C.W.P. III (the Father).  The Mother elected not to

provide this court with a complete transcript of the two-day evidentiary hearing, so we

are unable to address the majority of the issues she raises in this appeal.  Despite this

deficiency, however, she is correct that the written final judgment does not accurately reflect the trial court's oral ruling as to the Mother's time-sharing. Therefore, on this single point, we reverse and remand for the trial court to enter a corrected judgment.

The transcript in the record is limited to the trial court's oral ruling made at the conclusion of the second day of the evidentiary hearing. In its oral ruling, the trial court announced that the Mother would have time-sharing with the parties' daughter every other weekend from Friday when school let out until Monday morning. This would presumably allow the Mother to pick up the child from school on Friday afternoon and would give her three overnights every other week. However, the written final judgment gives the Mother time-sharing every other weekend from Friday at 7 p.m. until Sunday at 7 p.m. Hence, the written judgment clearly differs from the trial court's oral ruling, not only in the time for the exchange of the child, but also in the number of overnights the Mother will have with the child.

This court has previously held that "[r]eversal is required where the final judgment is inconsistent with the trial court's oral pronouncement." Brewer v. Brewer, 3 So. 3d 432, 433 (Fla. 2d DCA 2009); see also Mahaffey v. Mahaffey, 614 So. 2d 649, 650-51 (Fla. 2d DCA 1993); Gallardo v. Gallardo, 593 So. 2d 522, 524 (Fla. 3d DCA 1991) (reversing the portion of the final judgment concerning visitation and remanding with directions to conform the written judgment to the court's oral pronouncement); cf. Meyer v. Meyer, 525 So. 2d 462, 464 (Fla. 4th DCA 1988) (noting that the entry of a written judgment that is materially different from the court's oral pronouncement is a substantive error requiring correction). We must therefore reverse the portion of the final judgment concerning the Mother's weekend time-sharing and remand for the trial

- 2 -

court to enter an amended final judgment that is consistent with its oral ruling.  In all other respects, we affirm.

Affirmed in part, reversed in part, and remanded with directions.

WALLACE and LUCAS, JJ., Concur.