IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STEPHEN C. WILKINSON,

      Appellant,

 v.                                       Case No.  5D14-4285

CLAUDETTE A. WILKINSON,

      Appellee.

_____/

Opinion filed October 14, 2016

Appeal from the Circuit Court
for Seminole County,
Jessica J. Recksiedler, Judge.

Stephen C. Wilkinson, Casselberry, pro se.

Kenneth D. Morse, of Kenneth D. Morse,
P.A., Heathrow, for Appellee.

ON MOTION FOR CLARIFICATION

PER CURIAM.

We grant the motion for clarification, withdraw our opinion of July 29, 2016, and substitute the following:

Stephen Wilkinson ("Former Husband"), pro se, appeals the final judgment distributing marital assets upon dissolving his marriage of over twenty years to Claudette Wilkinson ("Former Wife"). Former Husband argues that the final judgment is invalid because, in adopting verbatim Former Wife's proposed final order, the trial court failed to

exercise its independent judgment. He further argues that mathematical error along with significant inconsistencies between and within the trial transcript, the trial court's oral findings, and its written order call the final judgment into question. Because there are inconsistencies and computational errors in the trial court's oral and written rulings, we reverse the equitable distribution portion of the final judgment. We affirm the dissolution of the parties' marriage and the final judgment in all other respects.[1]

The parties were married in Jamaica in 1992. They have two children who are now both adults. Former Wife filed her petition for dissolution in 2012. During the marriage, they acquired two homes, several vehicles, and a 401(k) account, along with significant liabilities in the form of mortgages, loans, and credit card debt. The parties' primary, marital home was also in foreclosure at the time of trial. The equitable distribution of the parties' assets and liabilities was the primary issue at trial. Following testimony from both Former Wife and Former Husband, the trial court made extensive factual findings in an oral pronouncement, and directed Former Wife's counsel to prepare the final judgment.

Former Wife does not dispute that the trial court adopted her draft of the final judgment verbatim. This fact alone, however, does not necessarily constitute reversible error. Still, "such submissions cannot substitute for a thoughtful and independent analysis of the facts, issues, and law by the trial judge." Perlow v. Berg-Perlow, 875 So. 2d 383, 390 (Fla. 2004). Because this procedure raises questions of fairness, we review such cases to ensure that the final judgment conforms to the trial court's oral findings and is

---

[1] Former Wife also seeks clarification regarding Former Husband's request for alimony. The trial court did not award Former Husband alimony in the final judgment, and he did not raise the issue of alimony on appeal. Thus, Former Husband has waived any objection to the denial of alimony by the trial court. See Aills v. Boemi, 29 So. 3d 1105, 1109–10 (Fla. 2010).

supported by competent, substantial evidence. See Chetram v. Singh, 984 So. 2d 614, 616-17 (Fla. 5th DCA 2008); Thomas v. Thomas, 781 So. 2d 540, 541 (Fla. 5th DCA 2001).

In this case, the record reveals several inconsistencies and errors that raise the question of whether the final written ruling properly reflects the trial court's independent judgment. For example, the oral ruling found regarding the marital home that "[t]he only testimony as to the value of the property" was that it could be sold for $320,000, while the final judgment stated Former Husband testified that the property was worth $235,000 and found the home's value was $235,000. The oral ruling found that there was nothing to dispute Former Wife's testimony that the couple's Hyundai Elantra was worth $11,000, but the final judgment found it was worth $8,000. The court's oral ruling valued Former Husband's debt on two credit cards at $15,000 and $3,500, yet the written judgment valued them at $15,000 and $25,000. These are not the only discrepancies between the oral and written rulings that need to be resolved. See Brewer v. Brewer, 3 So. 3d 432, 433 (Fla. 2d DCA 2009) (citing Mahaffey v. Mahaffey, 614 So. 2d 649, 650-51 (Fla. 2d DCA 1993); Gallardo v. Gallardo, 593 So. 2d 522, 524 (Fla. 3d DCA 1991)); Y.G. v. Dep't of Children & Families, 830 So. 2d 212, 213 (Fla. 5th DCA 2002) (citing D.F., Jr. v. State, 650 So. 2d 1097 (Fla. 2d DCA 1995); N.M. v. Dep't of Children & Families, 785 So. 2d 530 (Fla. 3d DCA 2001)).

Further, the oral ruling and the written judgment both include mathematical error, which must be corrected. See Doyle v. Doyle, 789 So. 2d 499, 501 (Fla. 5th DCA 2001) ("[N]otwithstanding the trial court's wide discretion in dissolution matters, [the appellate] court must correct mathematical errors . . . ." (citing Noone v. Noone, 727 So. 2d 972,

3

974 (Fla. 5th DCA 1998)). The trial court's oral ruling found that Former Wife retained $7,500 more in assets and $1,980 less in liability than Former Husband. To determine an equalization payment, the trial court calculated half of $7,500 as $3,250, rather than $3,750, and added the entire $1,980, ordering Former Wife to pay Former Husband $5,230 in equalization, rather than $4,740. This errant amount was carried over into the written final judgment despite the dramatic differences in valuation of the property between the oral and written findings.[2]

We also note several inconsistencies within the trial court's oral findings. With regard to the couple's second home, the trial court stated both that there was "at least a $60,000, based on all the testimony, liability upside down," and that the court was not going to assign any liability to Former Husband because there was "not a clear liability one way or the other." The trial court initially found that the Hyundai Elantra and associated debt were marital. Later, following an objection, the trial court reversed its finding that the debt was marital because the vehicle was purchased after Former Wife's petition, and reduced Former Wife's debt accordingly without similarly addressing the reduction in marital assets attributed to her.[3] The oral pronouncement also frequently referenced differing amounts for the value of the same item or category of property without explanation as to how or why the trial court modified the figures.

---

[2] The written order states that the actual amount of the liability is $1,982 and the final payment is $5,232, but this discrepancy seems to be merely typographical error, since the record provides no support for liability totaling $1,982.

[3] Nevertheless, the written order found both the asset and liability were marital and attributed to Former Wife.

4

For these reasons, we reverse the portion of the final judgment relating to equitable distribution. On remand, the trial court should ensure that the final judgment is consistent with the evidence that was presented and reflects the trial court's independent judgment.

Finally, Former Wife untimely filed her cross-appeal more than ten days after service of notice of Former Husband's appeal and more than thirty days after the final judgment was issued. See Fla. R. App. P. 9.110(g). Because she did not move for leave to permit the late filing, her cross-appeal is dismissed. See Greene v. Suhor, 783 So. 2d 290, 292 (Fla. 5th DCA 2001) (citing Sampson v. Sampson, 566 So. 2d 831 (Fla. 5th DCA 1990)).

AFFIRMED IN PART; REVERSED IN PART; and REMANDED.

COHEN, WALLIS and LAMBERT, JJ., concur.