984 So.2d 614 (2008)
Danny CHETRAM, Appellant,
v.
Saraswatee SINGH, Appellee.
No. 5D07-1141.
District Court of Appeal of Florida, Fifth District.
June 13, 2008.
Jorge E. Hurtado of Law Offices of Jorge E. Hurtado, P.A., Coral Springs, for Appellant.
No Appearance for Appellee.
PER CURIAM.
The appellant, Danny Chetram, appeals a final judgment that contains various rulings regarding the amount of child support and arrearage payments to be made by Chetram to his former wife, Saraswatee Singh. The issues Chetram raises are: (1) the trial court abused its discretion in adopting the former wife's proposed final order without reviewing its accuracy and by delegating the financial factfinding issues to the former wife; and (2) the finding that Chetram is $31,886.50 in arrears is unsupported by the evidence and constitutes an improper imputation of income. *615 Singh has not presented to us an answer brief.
The judgment we review emanates from divorce proceedings instituted and finalized in the state of New York. The divorce decree rendered by the New York court was registered in Florida in 2003, where ongoing litigation over child support and visitation proceeded in the courts here. The parties and their continuing disputes are familiar to us because we have resolved derivative issues in a prior appeal. Chetram v. Singh, 937 So.2d 716 (Fla. 5th DCA 2006). Our review of the issues in the current round of proceedings is restricted by the fact that Chetram has failed to provide us with transcripts of the hearings from which the final judgment emerged. We are, therefore, limited in our review to errors that appear on the face of the judgment. Fortune v. Pantin, 851 So.2d 274 (Fla. 5th DCA 2003).
Turning to the first issue, Chetram complains that the trial court erred in blindly adopting the proposed order submitted by Singh's attorney. Chetram contends that he objected to that order and that his attorney submitted a proposed order that was rejected by the trial court. The Florida Supreme Court has not expressly disapproved of the verbatim adoption of a proposed final judgment submitted by a party, holding only that as long as the opposing party has had the opportunity to comment and object prior to the adoption of the order, there is no reversible error. Perlow v. Berg-Perlow, 875 So.2d 383, 390 (Fla.2004) ("While a trial judge may request a proposed final judgment from either or both parties, the opposing party must be given an opportunity to comment or object prior to entry of an order by the court. Moreover, the better practice would be for the trial judge to make some pronouncements on the record of his or her findings and conclusions in order to give guidance for preparation of the proposed final judgment.").
The Fourth District Court has embraced a list of factors the appellate court will consider when reviewing an order adopted by a trial court:
1) Is the signed order consistent with or divergent from the verbal rulings of the court?
2) How much time has passed since the hearing, and does the judge remember the case?
3) Are there irregularities or conflicts in the terms of the order?
4) Did the judge participate in the trial?
5) Did the judge edit or alter the proposed judgment to conform it to his or her conclusions about the case, or did he or she sign it verbatim?
Ross v. Botha, 867 So.2d 567, 572 (Fla. 4th DCA 2004). Consideration of these factors highlights the problem Chetram faces in this case without a transcript to support his assertions. This court cannot determine from the judgment whether it is consistent with any verbal rulings or whether the judge participated in the hearing. Although Chetram affirmatively states that the court did state findings and rule from the bench and that the written judgment does not accurately reflect these oral pronouncements, there is no way to confirm his complaints.
Too, while an inordinate amount of time passed between the initial modification motion and the instant judgment, the fact that a management hearing was held just three months prior to the entry of the judgment would suggest that the court's memory was "refreshed" as to all the facts and circumstances surrounding the case. Thus, all this court can do is undertake to determine whether there is an error apparent on the face of the judgment that would entitle Chetram to relief. Fortune.
*616 Turning to the face of the final judgment, it cannot be ignored that it contains numerous typographical errors and at least one ambiguous, if not erroneous, provision. In Paragraph 4, the court modified child support to $435 per month, adding that Chetram should pay $87 per month towards outstanding arrearages. Then, in Paragraph 6, the court set the amount of child support at $522 per month. Assuming that the $435 amount was correct, it was error to add the monthly arrearage contribution to the current support amount. Chetram would never have a penny credited towards any arrearage under the court's order because, as it reads, the support amount is $522 (or $435).
Further, although not entirely clear, it appears the order made the reduced child support amount retroactive to October 14, 2003, the date a supplemental petition for modification was filed. Chetram rightfully protests because the initial petition for modification was filed June 5, 2003. Because the modification of support is retroactive to the date of the filing of the petition seeking that modification, the four and one-half month difference is important monetarily. It should be noted that the judgment fails to specifically state the retroactive aspect in the "ordered and adjudged" portion. Upon remand, that clarification needs to be made and the correct date, June 2003, substituted.
Additionally, the court made the specific finding in Paragraph Q that Chetram had been paying $500 per month in support since October 15, 2003. He paid that amount until the oral ruling in December 2006 modified the amount of support to $435, retroactively. While the amount paid was less than the originally-ordered support amount, it is $65 per month more than the modified amount. Accordingly, Chetram should have been awarded a $2,470 credit against his arrearages (38 months × $65). However, in Paragraphs 9 and 10, the court granted a credit based on only 25 months of overpayments ($1625), calculating the credit from October 2003 to November 2005. This appears to be plain error, given that the hearing was held in December 2006, not December 2005, even assuming no payment was made in December because that was the month support was orally modified (there is no support for that assumption, but it is one explanation for the calculationit appears that there was a typographical error in using 2005 rather than 2006 and the person making the calculations just accepted the 2005 date). These errors need to be corrected on remand.
There is yet another troublesome aspect of the judgment. In Paragraph 12, the court provided, "The parties shall determine whether the current amount of child support is in need of modification. If no agreement can be reached between the parties, the Petitioner/Wife, at her discretion may file a Supplemental Petition to Modify Child Support, if she so desires." This is an odd provision to say the least, given that the entire purpose of the order was to settle the issue of Chetram's entitlement to modification. It suggests the modification issue was not completely resolved and leaves the parties to reach their own agreement. Too, the law permits either side to move for modification; thus, a statement such as the one included here is improper because it fails to explicate that both parties have the right to request future modification, if that request is supported by the requisite change in circumstances.
In summary, the face of the appealed order reveals such errors and inconsistencies as to support the conclusion that the trial court did not engage in its own-review of the order, but rather, as Chetram suggests, blindly adopted the order proposed *617 by Singh. It is difficult to believe that an order such as the one before this court would have been rendered had the trial court even proofread it. Remand for correction of errors and clarification is required.
As to the second issue, Chetram challenges Paragraph 11 of the judgment, which provides that he has arrearages of $31,886.50 in past due child support. Although he claims the court must have imputed income to him to reach that conclusion, and he challenges the court's imputation as being unsupported and made without specific factual findings, the bottom line is that there is no evidence in the record that the court imputed income to Chetram.
Chetram next attempts to demonstrate the "correct" amount of the arrearage. As an initial matter, even without consideration of the credits to which Chetram was entitled, it should be noted that the orders in the record are confusing as to the arrearage. The October 15, 2003, order states that the arrearage is $33,511.50, but awards $7,430.92 in credits against that amount, which would leave a total of $26,080.58. It would appear that this amount was reduced even further, given that the November 2, 2005, contempt order entered by Judge Wattles (and reversed by this court on the basis that the contempt was an abuse of discretion) found that Chetram was $10,350 in arrears, and a subsequent order by Judge Wattles acknowledged the payment of $5,000 and found that the arrears, nunc pro tunc November 1, 2005, "are now $5,350.00, not including any amounts accrued since 11/01/05." However, it appears that there were actually two different arrearage amounts: The order on appeal notes the outstanding arrearage for July 5, 2002, through October 15, 2003, was $33,511.50, and then states the arrearage between October 15, 2003, and November 1, 2005 was $10,350. Chetram appears to disagree with this analysis since he makes his calculations as if there were only one arrearage, and it is not clear that he is incorrect.
Even assuming that there is only one remaining arrearage amount, the face of the appealed order does show error in how it was handled. The October 15, 2003, order set monthly support at $950 and determined the arrearage at $33,511.50. The order then found that Chetram was entitled to credits of $4,750 and $2,680.92 (totaling $7,430.92). (Chetram states that Paragraph 11 gave him an additional credit of $1500, but that paragraph orders him to make a $1500 lump sum payment that would be credited; there is no evidence he made that payment.) When the credited amount is subtracted, the arrearage as of October 14, 2003, is $26,080.58 ($33,511.50  $7,430.92).
Then, given that the starting balance of the remaining arrearage is $26,080.58, the instant order failed to consider the effect of the retroactive reduction in the amount of support due. The court reduced child support to $435 per month, as opposed to the $950 ordered earlier. The order fails to reflect the correct reduction in support as calculated from the date the modification petition was filed. Chetram states he paid $950 per month for four months (June 2003 through September 2003), which, because of the modification, means he actually overpaid by $515 for four months, entitling him to a credit of $2060. Too, there should be no arrearage accruing from October 1, 2003, forward because, as the court found in Paragraph S, Chetram began paying $500 per month from that date forward until December 22, 2006. With consideration of the retroactive reduction in support to $435, this means Chetram was overpaying each month by $65, which, multiplied by the 38 months of overpayment, *618 entitled Chetram to a credit of $2470 against the arrearage.
There is merit to Chetram's arguments. The order clearly contemplates the retroactive application of the reduced support award, which was within the court's discretion. McArthur v. McArthur, 106 So.2d 73 (Fla.1958); Morin v. Morin, 466 So.2d 1255, 1257-58 (Fla. 2d DCA 1985). The order purports to credit Chetram retroactively, but does not do so accurately (or at least in any manner that can be duplicated mathematically).
Chetram also raises an argument that the support should have been modified even further downward due to one child's attainment of the age of majority and graduation from high school. Although he included the child's majority in his petition, there is no way to determine how this fact was dealt with at the December 2006 hearing without a transcript.
We conclude that the face of the judgment reflects so much ambiguity and error that Chetram is entitled to have the trial court reconsider and clarify the order on remand. The trial court is directed to make express written factual findings as to the amount of any arrearage after consideration of the retroactive reduction in support.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
PALMER, C.J. and SAWAYA, J., concur.
GRIFFIN, J., concurs in result only, without opinion.