DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KIMBERLY VIRGINIA LARDIZZONE,**
Appellant,

v.

**MICHAEL ROBERT LARDIZZONE,**
Appellee.

No. 4D15-2149

[ May 4, 2016 ]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Laurie E. Buchanan, Judge; L.T. Case No. 432012DR000689.

Kimberly Virginia Lardizzone, Stuart, pro se.

No appearance for appellee.

TAYLOR, J.

The former wife appeals a final judgment of dissolution of marriage. We reverse and remand solely for the trial court to clarify its findings regarding the former husband's medical bills.

In the final judgment, the trial court found that the husband incurred medical bills of approximately $60,000 from an injury that occurred while the parties were married, living as an intact family. The court also found the husband's medical bills to be a marital liability for which the parties should be equally responsible.

Some portions of the judgment suggest that the entire $60,000 figure represented unpaid medical bills, but the judgment is not entirely clear on this point. In another part of the judgment, the court indicated that it was unclear how many of the medical bills had been paid or will be paid.

As a result of the court's findings concerning the husband's medical bills, the court awarded the husband a $30,000 credit towards his child support obligation and arrearages.

On appeal, the wife raises essentially two arguments: (1) the parties were separated when the husband suffered his injury; and (2) the $60,000 figure was inaccurate because the husband was covered by insurance and by workers' compensation.

Because we do not have a transcript of the final hearing, we may reverse only where there is error on the face of the judgment or where the judgment requires further clarification. *See Matteis v. Matteis*, 82 So. 3d 1048, 1048 (Fla. 4th DCA 2011); *Chetram v. Singh*, 984 So. 2d 614, 615–18 (Fla. 5th DCA 2008). Without a transcript, we cannot review the trial court's finding that the husband's injury occurred during the intact marriage.

We conclude, however, that the court's findings regarding the husband's medical bills are ambiguous. The gross amount of medical bills the husband incurred during the marriage is not necessarily the same as the amount of unpaid medical bills for which the husband was personally liable. Accordingly, we reverse and remand for the trial court to clarify the amount of unpaid medical bills for which the husband was personally liable on the cut-off date for determining marital liabilities. This is the amount that should be treated as a marital liability. *See* § 61.075(6)(a)1.a., Fla. Stat. (2015) ("Marital assets and liabilities" include "liabilities incurred during the marriage, individually by either spouse or jointly by them."); § 61.075(7), Fla. Stat. (2015) ("The cut-off date for determining assets and liabilities to be identified or classified as marital assets and liabilities is the earliest of the date the parties enter into a valid separation agreement, such other date as may be expressly established by such agreement, or the date of the filing of a petition for dissolution of marriage.").

The court may, in its discretion, take additional evidence on this issue.[1] Depending on the court's finding concerning the amount of unpaid medical bills for which the husband was personally liable on the cut-off date for determining marital liabilities, the court may need to adjust the credit, if any, the husband is to receive towards his child support obligation.

*Reversed and Remanded.*

---

[1] As sometimes occurs in dissolution cases, it is possible that the parties did not give the trial court enough information to make the necessary ruling. Although we do not have a transcript of the trial, we have the exhibits that were admitted into evidence at trial. Notably, the husband's trial exhibits do not include any documentary evidence of his medical bills. We also find it odd that the husband did not list any medical bills as liabilities on his family law financial affidavits.

CIKLIN, C.J., and KLINGENSMITH, J., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*