DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RUTH KING** n/k/a **RUTH MUNIZ,**
Appellant,

v.

**MASHAWN KING,**
Appellee.

No. 4D22-1493

[June 21, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Renatha S. Francis, Judge; L.T. Case No. 50-2020-DR-005170-XXXX-MB.

Troy W. Klein of the Law Office of Troy W. Klein, P.A., West Palm Beach, for appellant.

Meaghan K. Marro of Marro Law, P.A., Plantation, for appellee.

PER CURIAM.

This appeal arises from dissolution of marriage proceedings between the appellant ("the mother") and the appellee ("the father"). After the trial court entered a final judgment, reserving jurisdiction to determine child support and significant related issues, the mother moved for determination of child support, retroactive support, and for entry of a superseding child support order. An evidentiary hearing was held, and the trial court requested the parties to submit proposed orders. The trial court ultimately adopted the father's proposed order verbatim. The mother argues this was error. Based on the record, we find it is not apparent the trial court exercised independent decision-making, and we reverse and remand for further proceedings.

Unfortunately, there is no transcript of the evidentiary hearing. However, the parties do not dispute that the trial court chose not to announce its ruling and that it requested the parties to submit proposed orders to dispose of numerous issues. The record contains the parties' proposed orders on the mother's pending motion. Aside from removing blank spaces and entering a date, the court's order matches the father's

proposed order, including grammatical and spelling errors and conflicting and partially repetitive paragraphs.

A trial court's adoption of a proposed order verbatim constitutes reversible error where it appears the court did not exercise independent decision-making. *See Ross v. Botha*, 867 So. 2d 567, 572-73 (Fla. 4th DCA 2004), *abrogated on other grounds by C.N. v. I.G.C.*, 316 So. 3d 287, 289 (Fla. 2021). Although it is not uncommon for trial judges to request parties in family law cases to submit proposed orders, "the practice of a trial judge adopting verbatim a proposed final judgment without making any modifications, additions or deletions, and without making any comments on the record prior to entry of the final judgment is frowned upon." *Perlow v. Berg-Perlow*, 875 So. 2d 383, 389 (Fla. 2004).

In *Perlow*, the supreme court provided the following guidance with respect to adoption of proposed judgments in marital dissolution proceedings:

> (1) [T]he trial judge may ask both parties or one party to submit a proposed final judgment; (2) if proposed final judgments are filed, each party should be given an opportunity to review the other party's proposed final judgment and make objections; (3) if only one party submits a proposed final judgment, there must be an opportunity for review and objections by the opposing party; and (4) prior to requesting proposed final judgments, the trial court should, when possible, indicate on the record the court's findings of fact and conclusions of law.

*Id.* at 384.

Importantly, a judgment need not be reversed solely because a trial court adopts a proposed order verbatim. *In re T.D. v. Dep't of Child. & Fam. Servs.*, 924 So. 2d 827, 831 (Fla. 2d DCA 2005). Rather, the following factors are relevant and are to be considered in reviewing such an order:

1) Is the signed order consistent with or divergent from the verbal rulings of the court?

2) How much time has passed since the hearing, and does the judge remember the case?

3) Are there irregularities or conflicts in the terms of the order?

4) Did the judge participate in the trial?

5) Did the judge edit or alter the proposed judgment to conform it to his or her conclusions about the case, or did he or she sign it verbatim?

*Ross*, 867 So. 2d at 572. "[W]e will reverse any judgment entered under circumstances that create an appearance that the judgment does not reflect the judge's independent decision-making," but "the fact that the judgment was adopted from a proposal submitted by a party does not, standing alone, raise that possibility." *T.D.*, 924 So. 2d at 831.

Here, there is no transcript of the proceedings, so it is not possible for us to gauge the level of the trial court's participation during the hearing. However, the parties agree that the trial court did not announce its ruling or make any observations at the conclusion of the hearing or any other findings and that it requested the parties to submit proposed orders.

The order entered by the trial court matched the father's submission, including two paragraphs that conflict. The order was signed by the trial court only one business day after the father submitted his proposed order to the trial court. It is not apparent from the record that the mother had the opportunity to raise objections to the father's proposed order before the trial court entered the order.

As it stands, the circumstances create the appearance that the trial court did not independently consider the merits of the parties' arguments, thus warranting reversal. *See Ross*, 867 So. 2d at 572 (reversing where "[t]he court ended the hearing with no findings and no rulings, and then adopted an irregular, defective, one-sided submission verbatim, without comment from the opposing side").

The father appears to argue this court cannot reverse without a transcript of the hearing. However, this court and the Fifth District Court of Appeal have reversed an adopted order in the absence of a transcript where it appeared the trial court did not independently consider the merits of the case. *See Chetram v. Singh*, 984 So. 2d 614, 615-17 (Fla. 5th DCA 2008); *Ross*, 867 So. 2d at 570.

The father also seems to make a harmless error argument by asserting that the mother's requests were meritless or not supported by evidence. Without a hearing transcript, we are unable to address that issue. The father also asserts the parties stipulated to all issues other than the mother's request for an upward deviation in child support. Our review of

3

the proposed orders, however, indicates the parties did not agree on many issues that were to be considered by the trial court.

We hold that the circumstances surrounding entry of what ultimately became the trial court's final order, and the order itself, create doubt as to whether the trial court exercised independent judgment. Additionally, it is not apparent the mother had an opportunity to comment on the proposed order. Consequently, we reverse and remand for further proceedings.

*Reversed and remanded for further proceedings.*

KLINGENSMITH, C.J., GROSS and CIKLIN, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***